Putnam J.
delivered the opinion of the Court. The plea Gf n0i0 contendere is án implied confession of the offence charged. It is discretionary with the Court to receive it, or not.
The advantage which a party obtains by such an answer properly pleaded, is, that he is not estopped to plead not guilty to an action for the same facts, as he would be upon a plea of guilty. For in the latter case the entry is “ quod cognovit *211 indictamentum," but in the former, “ non vult contendere cum dominá regina, et ponit se in gratiam cur ice." 2 Hawk. c. 31, § 3 ; Queen, v. Templeman, l Salk. 55, pl. 6
Another advantage of the plea of nolo contendere was, that the party might be admitted to prove son assault upon the prosecutor, in mitigation of the fine.
In our practice, however, the Court will allow a party to offer evidence in mitigation of the sentence, after the plea of guilty, and a fortiori, after a plea of nolo contendere. It is only where the party is sued in a civil action for doing the thing for which he was indicted, (as for a trespass, Bro. Estop, pl. 132 — Vin. Estop. F, pl. 36,) that the distinction between these pleas is material. The plea of nolo contendere pleaded with a protestation that the party was not guilty, would clearly not conclude the party in his defence against the civil action.
But so far as the Commonwealth is concerned, the judgment of conviction follows as well the one plea, as the other. And it is not necessary that the court should adjudge that the party was guilty, for that follows by necessary legal inference from the implied confession. But the court thereupon proceeds to pass the sentence of the law affixed to the crime.
Where a party pleads not guilty to any matter cognizable before a magistrate, no conviction can be had without an adjudication that the party is guilty. His judgment in such case stands for the verdict of a jury. And after the verdict of the jury, that the party is guilty, is recorded, the court does not further adjudge that the party is guilty, for that sufficiently appears from the verdict. But the court then proceeds (even in capital cases) to pass the sentence, unless some legal reason should be given for the staying of the proceedings.
Another objection is, that the adjudication should have appropriated the fine, and not merely directed it to be distributed according to law. And if this were like the case of Rex v. Dimpsey, 2 T. R. 96, where the appropriation was to be made among several persons according to the discretion of the court, it would be clearly bad to leave it to be distributed according to law, without the exercise of any such discretion as the law required. But in the case at bar, the law gives the whole pen-alty to the county, if the prosecution were by the grand jury ; *212 and it appeals chat the grand jury did present this case ; adjudging the fine to be distributed according to law, is equivalent therefore to an adjudication that it should, under these circumstances, be paid to the use of the county.
And upon the whole, we do not perceive that the defendant has any legal defence to this suit.

Judgment for the Commonwealth.