## COMMONWEALTH *vs.* MARCELLUS M. ADAMS.

Under *St.* 1855, *c.* 215, § 35, a defendant in a prosecution on that statute cannot be adjudged guilty on a plea of *nolo contendere*, unless it appears by the record that the plea was received with the consent of the prosecutor.

COMPLAINT to the police court of Chicopee, on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquors. In the police court, the defendant pleaded that. he would not contend with the Commonwealth; the court received the plea, and sentenced the defendant; and he appealed to the court of common pleas, and there claimed the right to plead anew, on the ground that it did not appear by the record of the police court that the plea of *nolo contendere* was received with the consent of the prosecutor; although the *St.* of 1855, *c.* 215, § 35, provides that "no admission of the defendant, made in court, shall be received on the trial, without the consent of the prosecutor, except a plea of guilty." But *Bishop*, J. refused to allow the defendant to plead anew, or to be heard by the jury, and adjudged him guilty on his said plea. The defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

THOMAS, J. The plea of *nolo contendere* could only be made with the consent of the prosecutor. *St.* 1855, *c.* 215, § 35. That consent, we think, must appear of record. It does not so ppear. The judgment entered upon the plea was erroneous. Upon the entry of his appeal in the court of common pleas, the defen lant should have been permitted to plead anew.

*Exceptions sustained.*