STATE *v.* FAGAN.

64  431
68  302

64  431
71  438
e71  439

In a prosecution for a second offence, the defendant's conviction of a previous offence is equally conclusive whether his plea, in the previous case, was guilty, not guilty, or *nolo contendere.*

INDICTMENT, under Gen. Laws, *c.* 109, *s.* 15, for keeping lager beer for sale, as a "subsequent offence." The defendant excepted to the admission of the record showing a judgment rendered against him on an indictment for a like offence to which he had pleaded *nolo contendere.* The question whether the statute of limitations is applicable to evidence of the previous offence, was raised in this case, and disposed of by the judgment in *State* v. *Adams,* decided this term in this county.

*H. Robinson,* for the defendant. A subsequent offence necessarily implies a conviction for a former offence, and a plea of guilty by a defendant is a conviction by confession. Bishop Stat. Cr., *s.* 348. But a plea of *nolo contendere* is not a confession of guilt. Its literal and true meaning is, "I do not wish to contend," and it is not an admission of the truth of the charge in any proper sense, notwithstanding by statute (Gen. Laws, *c.* 109, *s.* 20) it subjects the defendant to the court's power of final judgment and sentence, but is not to be used as an admission elsewhere. Heard Crim. Pl. (students' series) 263. A man may be conscious of innocence, and at the same time be conscious that circumstances exist which he may be unable to explain, which render a defence useless, and so whilst protesting his innocence he may properly decline to contend with the state. The plea is allowed by way of compromise between the state and the defendant, and is for the purposes of the particular case only, and cannot be used to bind the defendant in other proceedings. Its legal effect is, that the non-contending defendant submits to the mercy and the judgment of the court; but that effect is limited to the particular case in which the plea is entered, and the defendant is not thereby estopped in any subsequent proceeding (like the present indictment) to say that he

was not guilty of the alleged offence, to the charge of which he pleaded that he would not contend. 2 Hawk. P. C., *c.* 31, *s.* 3; 1 Chitty Cr. L. 431; 1 Bishop Cr. Pro., *s.* 469; *Commonwealth* v. *Horton*, 9 Pick. 206; *Commonwealth* v. *Tilton*, 8 Met. 232.

*N. E. Martin*, solicitor, for the state. Section 20, *c.* 109, Gen. Laws, gives a respondent the right to plead *nolo contendere* in a police court, or before a justice of the peace, and such court or justice, in the event of such a plea, has the "power of final judgment and sentence." By this statute the court is bound to accept the plea, and its discretionary right to reject it is taken away. Section 20 was passed by the legislature in 1860, and *s.* 15, as it now stands, was enacted in 1878. To hold that a first offence cannot be proved by the record of a plea of *nolo contendere* and sentence, as the foundation for an indictment for a "subsequent offence," is, in effect, to hold that a person arraigned upon the charge of keeping for sale can escape being indicted for a "subsequent offence" by availing himself of his statutory right, when arraigned before the police or justice court, by pleading *nolo contendere*. By following such a course, a respondent might continually violate the statute, and escape the penalty imposed by *s.* 15, and that part of the statute would be rendered inoperative. We submit that a fair interpretation of both sections, taken in connection with each other, gives to the plea of *nolo contendere* and sentence the same force and effect as a conviction and sentence in any other way. The legislature must have intended such a construction to be given to it when it passed *s.* 15. The language of *s.* 15 does not call for record evidence. Any competent evidence, showing a first and second offence, is sufficient, whether it be record evidence, or an admission made by the respondent, or any other proof competent to establish the offence of "selling, or keeping for sale." A plea of *nolo contendere* and sentence is such an admission, and is competent for the jury to consider in determining whether the respondent has committed the offence of selling or keeping for sale before committing the offence with which he stands charged as a "subsequent offence."

Doe, C. J. We need not inquire whether the defendant's plea of *nolo contendere* would be admissible evidence against him in a suit between him and some other party than the state. In a suit brought against him by his lessor for selling intoxicating liquor in violation of covenant, the plaintiff would not be bound by the defendant's acquittal in a criminal prosecution for the same act. In this case, the parties are the same as in the case in which the judgment was rendered; and the decisive thing is not the former plea, but the former judgment. The judgment recovered by the state is not a compromise in the sense of being something less than a conviction. It could have been rendered on no other

ground than the defendant's guilt. It would be invalid if the record showed that he was not guilty, or that the question of his guilt had not been determined against him by plea or by proof. His plea was an implied confession of the offence charged. His guilt was a "necessary legal inference from the implied confession." *Com.* v. *Horton,* 9 Pick. 206, 208. Between him and the state, it is not material whether he said he was guilty, or said something from which the law necessarily inferred his guilt. Whatever the form or substance of his plea, the judgment rendered against him is valid; and being valid, it is conclusive between these parties. Between them, its effect does not depend upon the question whether he admitted his guilt or denied it, or whether his confession was express or implied.

*Exceptions overruled.*

ALLEN, J., did not sit : the others concurred.