## *In Re* John Lanni.

## John Lanni *vs.* Superior Court.

### NOVEMBER 27, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*) *Criminal Law. Plea of Nolo Contendere. Discretion. Review.*

Defendant pleaded nolo contendere to an indictment and it was continued for sentence. Defendant moved for leave to withdraw the plea and to plead not guilty. This motion was denied and defendant excepted but the court sentenced defendant and he was committed.

*Held,* that the motion was addressed to the judicial discretion of the justice and would not be reversed unless it clearly appeared that it was arbitrary and amounted to an abuse of discretion.

*Held,* further, that in the exercise of its revisory jurisdiction the court would consider the claim of defendant that the action of the justice under the circumstances presented at the hearing was an abuse of discretion.

(*2*) *Bills of Exception. Criminal Law.*

Under Gen. Laws, 1923, cap. 348, sec. 10, it is only after a verdict of conviction or after the denial of his motion, for a new trial, that a respondent in a criminal case is permitted to file a bill of exceptions. By availing himself of the permission to enter a plea of nolo contendere a respondent waives his right to go to trial and thereby waives whatever right he might have had to have his exceptions to rulings of the court considered upon bill of exceptions.

(*3*) *Extraordinary Writs. Habeas Corpus. Review.*

The Supreme Court having been given under the constitution and statutes broad powers of review, where there is no prerogative writ at common law which in its regular accepted form and according to the accepted practice

under it, is exactly appropriate to bring the objection of a respondent in a criminal case, to the action of the court in denying his motion for leave to withdraw a plea of nolo contendere. and in passing sentence on such plea, before the court for review; as a petition for writ of habeas corpus furnishes an expeditious and convenient proceeding in which it may be considered, while the function of such writ is not generally that of a writ of error, the court will hear such objection under that writ.

*Sweeney, J., dissenting to action of court on petition for mandamus.*

PETITION for writ of habeas corpus and petition for mandamus.

PETITION for mandamus denied. Respondent granted permission to amend petition for writ of habeas corpus.

SWEETLAND, C. J. The first of the above entitled proceedings is a petition setting out that the petitioner is now unlawfully restrained and deprived of his liberty in the state prison by the warden thereof; and praying for a writ of habeas corpus to issue to said warden, directing him to produce the petitioner before this court to be discharged from such restraint.

The second of the above entitled proceedings is a petition for a writ of mandamus to be directed to the Superior Court commanding it to fix the time within which the petitioner should file a bill of the exceptions taken by him in connection with an indictment against him entitled, "State *v.* John Lanni, Indictment No. 12303", now in the files of that court.

The two petitions have been heard together before us. At the hearing it was made to appear that in April, 1924, an indictment was returned charging the respondent with committing an assault with a dangerous weapon. That on April 9, 1924, he was arraigned upon the indictment and pleaded not guilty. On February 9, 1925, the respondent was permitted to retract his plea of not guilty and plead *nolo contendere.* The indictment was continued to July 6, 1925, for sentence. On July 6, 1925, it was further continued, and on November 9, 1925, a justice of the Superior

Court denied the respondent's motion for leave to withdraw the plea of *nolo contendere* and to plead not guilty. To this ruling .of said justice the respondent excepted immediately. The justice then, notwithstanding the exception, sentenced the respondent to the state prison for eighteen months. Upon mittimus the respondent was committed, and is now restrained by the warden in said prison.

The contention of the respondent is that the justice was without authority to impose sentence before this court had passed upon the respondent's exception to the ruling upon his motion to be permitted to change his plea; and that it was the duty of the justice to fix a time for filing the respondent's bill, in order that the exception might be presented to us for determination. The respondent's motion was addressed to the judicial discretion of the justice and the ruling of the justice will not be reversed by us unless it clearly appears that it was arbitrary and amounts to an abuse of discretion. The respondent asserts that in the circumstances presented at the hearing the justice did abuse his discretion, and that there should be a review of the ruling. In the exercise of its revisory jurisdiction this court will consider such claim. The first question presented by these petitions is whether the respondent is entitled to come here under the statutory provisions for a review by bill of exceptions. He relies particularly upon Section 10, Chapter 348, General Laws, 1923, which provides as follows: "Sec. 10. Exceptions to rulings, directions, and decisions made during a hearing in a cause heard by the court without a jury or during a trial by a jury shall be taken immediately". A consideration of the language of Section 10 alone, furnishes support for the respondent's contention that he was thereby given the right to take the exception in question. The respondent further contends that the right to take the exception involves the right to have such exception brought before this court upon a bill of exceptions, although there has been no verdict of conviction rendered against him. The soundness of the latter contention de-

pends upon the statutory provisions for bringing exceptions to this court. We are ordinarily without jurisdiction to consider exceptions to the rulings of the Superior Court except upon bill of exceptions duly filed in that court and then certified to us. Bills of exceptions may be filed in the Superior Court only (1) after verdict, (2) after notice of decision, which decision is that rendered in a civil case tried by the Superior Court without a jury, as the word "decision" is defined in Section 20, Chapter 338, General Laws, 1923, and (3) after notice of decision upon a motion for new trial. (Sec. 17, Chap. 348, G. L. 1923). Our conclusion is that under the statute it is only after a verdict of conviction, or after the denial of his motion for a new trial, that the respondent in a criminal case is permitted to file a bill of exceptions. By availing himself of the permission to enter a plea of *nolo contendere* this respondent waived his right to go to trial, and thereby waived whatever right he may have had to have his exceptions to rulings of the Superior Court considered here upon a bill of exceptions.

The respondent calls our attention to the opinion in *Valentine* v. *Knox*, 45 R. I. 429, in which the court considered an exception to a ruling of the Superior Court made after judgment in a civil case. In the consideration of that case the court was confronted with a line of cases, in which question as to the propriety of the practice had not been raised, and the court had passed upon such an exception. The court in view of that line of precedents, although with hesitation, permitted the use of a bill of exceptions, but expressly stated that such action should not be regarded as a precedent for any further extension of the use of a bill of exceptions beyond that specifically set down in the statute.

The refusal of the Superior Court to fix a time for filing a bill of exceptions was without error. The petition for writ of mandamus is therefore denied.

Although we will not review the rulings in question by bill of exceptions we will under our revisory power consider

the respondent's claim of an abuse of discretion. We have been given by the constitution and the statute broad powers of review. The court has held that in the exercise of those powers it may use prerogative writs and processes in their accepted forms or it may adapt or modify them. *Hyde* v. *Superior Court,* 28 R. I. 204. There is no prerogative writ at common law which in its regular accepted form and according to the accepted practice under it is exactly appropriate to bring the respondent's objection before us. We will not refer him to any other extraordinary writ or process for relief. His petition for a writ of habeas corpus now pending furnishes an expeditious and convenient proceeding in which the respondent's objection may be considered. The function of a writ of habeas corpus is not generally that of a writ of error. In the exercise of our power to adapt and modify the accepted forms of writs and processes when such modification serves for the correction of errors and abuses in inferior tribunals and for the furtherance of justice, we will, in the circumstances of this case in the absence of an ordinary remedy, hear the respondent's objection to the ruling of the justice upon his petition for the writ of habeas corpus.

On November 30, 1925, at the regular session of the court we will permit the respondent to amend his petition and set out as further ground for the writ his objection to the ruling in question. We will also at that session hear his counsel and the attorney general, representing the warden, upon the merits of said objection, as the same may appear upon the record which the respondent has brought before us.

SWEENEY, J., dissenting. I am obliged to dissent from the majority opinion holding that the petitioner is not entitled to take an exception to the ruling of the Superior Court denying his motion for leave to withdraw his plea of *nolo contendere,* and to prosecute a bill of exceptions based thereon to this court.

It appears in the record that the petitioner pleaded *nolo contendere* to an indictment in the Superior Court. Before

sentence was imposed he filed a motion for leave to withdraw said plea of *nolo* and enter a plea of not guilty. This motion was heard and denied by the court to which ruling the petitioner immediately took an exception, which was noted. Petitioner was then sentenced, against his objection, to the state prison and committed.

Petitioner having taken said exception duly proceeded to prosecute a bill of exceptions to this court under authority of § 5125, Gen. Laws, 1923, which states: "Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure". Petitioner made no default in the procedure necessary to perfect his bill of exceptions. Petitioner was authorized to take his exception by the following section of the General Laws, 1923, "§ 5117, Sec. 9. The accused in a criminal proceeding, and any party to a civil action, or any person interested in a probate or other appeal, pending in the superior court, tried by a jury, aggrieved by any ruling, direction, or decision of the superior court upon any matter of law or upon a motion for a new trial, may except thereto". This section should receive a liberal construction.

In *Thrift* v. *Thrift*, 30 R. I. 357, 359, the court said: "Statutes in furtherance of the simple and convenient administration of justice are deemed remedial, and are to be liberally construed". The court was considering its authority to review questions of law which may arise in the trial of divorce cases, brought before it by a bill of exceptions, and was of the opinion that a bill of exceptions was the appropriate remedy. In considering its jurisdiction over bills of exception the court said, p. 360, "This method of presenting questions of law for determination, being familiar and simple, when available, should be preferred to extraordinary and more complicated ways of reaching the same result". The remedy by bill of exceptions is familiar, simple and convenient. It has even been used to obtain the review of rulings and decisions of the Superior Court made

after the entry of judgment. *Valentine* v. *Knox*, 45 R. I. 429, and cases cited. See also *Paine* v. *Paine*, 43 R. I. 478. In the case at bar defendant's exception was made and noted before sentence.

I am of the opinion that under the law above quoted, the petitioner should be permitted to prosecute his bill of exceptions to this court, and have a transcript of the evidence, with the rulings thereon, duly allowed and filed, as requested by him, to the end that the alleged error may be reviewed by this court.

The majority opinion gives the petitioner an opportunity to amend his petition for a writ of habeas corpus in order that he may now have his objection to the ruling of the Superior Court heard and determined. The petitioner's exception is based upon the evidence introduced at the hearing upon his motion. In habeas corpus it is contrary to the general rule to review the sufficiency of the evidence to sustain the charge upon which the prisoner is held. 29 C. J. 46. *Ex parte Antoscia*, — R. I. (1915), 94 A. 871, was a petition for a writ of habeas corpus. The court held that the petition was defective in form, and gave the petitioner an opportunity to amend his petition, but said: "It seems, however, not improper now to suggest that, when a prisoner in custody under a sentence of conviction seeks discharge by habeas corpus, it is generally held to be well settled that inquiry under the writ is limited to the question of whether the court in which the conviction and sentence took place had jurisdiction in the premises, and also as to the validity of the sentence or process on its face; and that there can be no inquiry into the sufficiency of the evidence to support the conviction, or to review the rulings of the trial court".

For these reasons I am of the opinion that the relief sought by the petitioner should be granted.

*Albert B. West, George J. West*, for petitioner.

*Oscar L. Heltzen, Assistant Attorney General*, for State.