STATE EX REL. DONALD EDWARD CLARK

*v.*

D. E. ADAMS, WARDEN

(No. 11075)

Submitted September 29, 1959.   Decided November 17, 1959.

Calhoun, Judge, dissenting.

*Charles R. McElwee,* for relator.

*W. W. Barron,* Attorney General, *Clement R. Bassett,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court, in which the petitioner, Donald Edward Clark, seeks a writ to require the defendant, D. E. Adams, Warden of the West Virginia Penitentiary, to release the petitioner from the penitentiary where he is now confined and is serving an indeterminate sentence of from one year to fifteen years, pronounced by the Circuit Court of Wood County, by its final judgment entered April 24, 1959.

Upon the issuance of the writ this Court appointed counsel to represent the petitioner in this proceeding and on September 8, 1959, the date to which the writ was returnable, the defendant brought the petitioner in person before this Court and filed his answer to the petition. By agreement of the parties and by leave of this Court, this proceeding was continued until September 29, 1959, at which time it was submitted for decision upon the petition, the answer of the defendant, the depositions of witnesses, and the written briefs and the oral arguments of counsel in behalf of the respective parties.

The petitioner challenges the validity of the judgment sentencing him to confinement in the penitentiary and seeks the relief for which he prays on these two principal grounds: (1) That the petitioner was denied his constitutional right to the assistance of counsel by the circuit court in the trial of an indictment, designated as No. 1345, charging him with the crime of feloniously and burglariously breaking and entering a certain dwelling house in the night time in Parkersburg, in Wood County, West Virginia, with intent to steal; and (2) that the judgment sentencing him to confinement in the penitentiary for the foregoing offense is void because entered upon his plea of nolo contendere to the foregoing indictment.

Many of the material facts are contained in a written stipulation agreed to and signed by the attorneys representing the respective parties to this proceeding. Other facts appear from copies of complaints, a warrant, indictments, a capias, and court orders which are filed as exhibits.

The petitioner was arrested by members of the Parkersburg Police Department on July 27, 1958, upon charges of burglary and attempted rape of a six year old child. He was not served with a warrant which charged him with burglary but he was served with a warrant which charged him with attempted rape; and on July 28, 1958, he was taken before the Judge of the Municipal Court in Parkersburg who set August 6, 1958 as the date for a preliminary hearing and fixed the amount of the bond to be given by the petitioner. Upon the petition of the Sheriff of Wood County the circuit court of that county, at a hearing to determine the mental condition of the petitioner, committed him to the Weston State Hospital on August 1, 1958. Subsequently the circuit court, on the basis of a report by the superintendent of the hospital, found that the petitioner was legally responsible for the criminal acts with which he was charged and ordered the superintendent to deliver the petitioner to the sheriff and that the sheriff confine the petitioner in the Wood County Jail.

While the petitioner was in the hospital two felony indictments were returned against him on October 13, 1958. One indictment No. 1345 charged the petitioner with burglary and the other indictment No. 1346 charged him with attempted rape upon a female child under the age of sixteen years. A capias was issued upon both indictments and on March 27, 1959, the petitioner was brought before the circuit court.

On March 30, 1959, accompanied by an attorney previously appointed by the court to represent him, the petitioner appeared and entered a plea of not guilty to the indictment which charged him with the crime of burglary

and on April 13, 1959, he again appeared, also accompanied by his attorney, and, by permission of the court, withdrew his plea of not guilty, entered a plea of nolo contendere, and moved the court to grant him probation. On April 20, 1959, the indictment charging the petitioner with attempted rape was dismissed. On April 24, 1959, the petitioner, accompanied by his attorney, again appeared and at that time the court refused to place him on probation and sentenced him to be confined in the penitentiary for a period of not less than one year or more than fifteen years and recommended that the petitioner serve his sentence in the Medium Security Prison at Huttonsville.

Though originally the circuit court appointed the attorney to represent the petitioner in connection with the indictment for burglary, the attorney so appointed, on the day following his appointment was, with the knowledge and the consent of the petitioner, employed and retained to represent him by relatives of the petitioner who paid the attorney for his services in the matter.

The petitioner has repeatedly insisted and stated under oath that during the several consultations between him and his attorney in connection with his plea to the indictment the attorney referred to the indictment as an indictment for the offense of breaking and entering and informed the petitioner that upon a plea of nolo contendere the court could not pronounce a sentence of imprisonment for more than from one to ten years. The sworn statement of the attorney was that he has no recollection whatsoever of advising the petitioner that the penalty for the offense charged in the indictment was a sentence of not less than one or more than ten years, although he admits that he may have so informed the petitioner. It is clear, however, from the sworn statements of the petitioner that the indictment was read to him, that he knew it was an indictment for burglary, and that the penalty for that offense was an indeterminate sentence of from one to fifteen years in the penitentiary. It also clearly appears that the attorney who

represented the petitioner was fully qualified, by training and experience, to represent the petitioner in the criminal proceeding, that he consulted with the petitioner on from five to ten different occasions in connection with his defense and his plea to the indictment, that he was painstaking and diligent, that his professional conduct at all times was such as he considered to be for the best interest and the protection of the rights of the petitioner, and that the petitioner and the members of his family were completely satisfied with the services rendered by the attorney until the motion of the petitioner that he be granted probation was denied and the sentence of from one to fifteen years was pronounced by the court. It also appears that the dismissal of the other indictment against the petitioner was due to the efforts and services of the attorney for the petitioner. The reasonable inference is that petitioner and his attorney expected, or at least entertained the hope, that upon the plea of the petitioner of nolo contendere the circuit court would grant the motion of the petitioner that after the sentence was pronounced he would be placed on probation.

Sworn statements of the judge of the circuit court were that he did not at any time during the course of the proceeding upon the indictment for burglary tell the petitioner that he would be sentenced to an indeterminate term of not less than one year or more than ten years upon the plea of nolo contendere; that he told the petitioner that if he entered such plea he would be subject to the same punishment and sentence as if he entered a plea of guilty and that the plea of nolo contendere was tantamount to a plea of guilty; that he asked the petitioner if he understood the effect of such plea and the petitioner replied that he did; that when the petitioner changed his plea from not guilty to nolo contendere he asked the petitioner at the bar of the court if there had been any promise of leniency or any threat to induce him to change his plea and that the petitioner replied that there had been no such promise or threat; that he

inquired of the petitioner if he had read the indictment and understood the charge against him, whether he had discussed it with his attorney, and whether he knew the penalty in connection with the offense charged; and that the petitioner gave affirmative answers to all such questions.

It is clear that the petitioner was not induced by any statements made to him by his attorney, or by any conduct of the attorney or the judge of the circuit court, to enter his plea of nolo contendere in the belief that he would receive any sentence other than that of from one to fifteen years. On the contrary the petitioner, with full knowledge of the effect of his plea of nolo contendere and that the same sentence could be pronounced on such plea as could have been pronounced upon a plea of guilty, voluntarily entered his plea of nolo contendere to the burglary indictment against him; and in so doing he was not misled into any other belief by any statements or conduct on the part of his attorney.

To justify a writ of habeas corpus on the ground of incompetency of counsel an extreme case must exist and it must appear that there has been much more than inadequacy of representation by counsel chosen by the defendant. *Anderson* v. *Bannan,* C.C.A., 6 Cir., 250 F. 2d 654; *Ex Parte Haumesch,* C.C.A., 9 Cir., 82 F. 2d 558; *Maye* v. *Pescor,* C.C.A., 8 Cir., 162 F. 2d 641; *Morton* v. *Welch,* C.C.A., 4 Cir., 162 F. 2d 840. See also *Banach* v. *Hunter,* C.C.A., 10 Cir., 161 F. 2d 682.

It is well established by the decisions of this Court that a person serving a sentence in a penitentiary, who seeks relief by habeas corpus on the ground that the appointment by the court of an alleged incompetent attorney to conduct his defense in a criminal proceeding amounts to a denial of his right to the assistance of counsel guaranteed by Section 14, Article III of the Constitution of this State and by the Sixth Amendment to the Constitution of the United States, has the burden of establishing by proof that the appointment of such

counsel constituted a denial of his constitutional right to the assistance of counsel. *State ex rel. Burkhamer* v. *Adams,* 143 W. Va. 557, 103 S. E. 2d 777; *Ex Parte Farmer,* 123 W. Va. 304, 14 S. E. 2d 910. In the opinion in *State ex rel. Burkhamer* v. *Adams,* 143 W. Va. 557, 103 S. E. 2d 777, this Court said: "A defendant in a criminal case is not constitutionally guaranteed such assistance of counsel as will necessarily result in his acquittal. Counsel, of course, must diligently attempt to see that no constitutional or substantial right is denied such a defendant and that he is afforded a fair and impartial trial. It is just as clear, however, that counsel should be fair and honorable in their actions and in their representations to the court. See *Ex Parte Farmer,* 123 W. Va. 304, 14 S. E. 2d 910."

It is clear from the evidence that the petitioner has failed to satisfy the requirement that he must establish his charge that he was denied his constitutional right to the assistance of counsel and, in consequence, the judgment of the circuit court sentencing the petitioner to confinement in the penitentiary for the indeterminate term of from one year to fifteen years can not, on the ground that he has been denied the assistance of counsel, be held to be void and of no force or effect.

A habeas corpus proceeding is not a substitute for a writ of error or other appellate process, and error in a final judgment in a criminal case which renders such judgment voidable merely but not void, can not be considered or corrected in such proceeding; but if a sentence of imprisonment under which a person is confined is void, in whole or in part, it may be reached and controlled in a habeas corpus proceeding. *State ex rel. Burkhamer* v. *Adams,* 143 W. Va. 557, 103 S. E. 2d 777; State ex rel. *Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268; *State ex rel. Vascovich* v. *Skeen,* 138 W. Va. 417, 76 S. E. 2d 283, certiorari denied, 346 U. S. 916, 74 S. Ct. 277, 98 L. Ed. 411; *Dye* v. *Skeen,* 135 W.

Va. 90, 62 S. E. 2d 681, 24 A.L.R. 2d 1234; *State ex rel. Nutter* v. *Mace,* 130 W. Va. 676, 44 S. E. 2d 851; *Slater* v. *Melton,* 119 W. Va. 259, 193 S. E. 185; *Ex Parte Evans,* 42 W. Va. 242, 24 S. E. 888; *Ex Parte Mooney,* 26 W. Va. 36, 53 Am. Rep. 59.

The plea of nolo contendere means literally "I do not wish to contend" and it has its origin in the early English common law. It constitutes an implied confession of guilt. It was known to the English common law as early as the reign of Henry IV, but it has not been used in England since the case of *The Queen* v. *Templeman,* 1 Salk 55, 91 English Reprint 54, decided in 1702. It was referred to in 2 Hawkins, A Treatise of the Pleas of the Crown, 8th edition, page 466, in these terms: "An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine: in which case, if the court think fit to accept of such submission, and make an entry that the defendant *posuit se in gratiam regis,* without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is *quod cognovit indictamentum.*" See Annotation I, 152 A.L.R. pp. 253-258; *Hudson* v. *United States,* 272 U. S. 451, 47 S. Ct. 127, 71 L. Ed. 347. The plea is discussed in 22 C.J.S., Criminal Law, Section 425, in this language: "A plea of nolo contendere is a formal declaration by the accused that he will not contest the charge against him. It is an implied confession of guilt and, for the purposes of the case only, is equivalent to a plea of guilty. It is not open to the accused in all cases, and is allowable only by leave of court. * * *. The difference between it and a plea of guilty appears simply to be that, while the latter is a confession binding accused in other proceedings, the former has no effect beyond the particular case. It is an implied confession of guilt only, and cannot be used against accused as an admission in any

civil suit for the same act." In Black's Law Dictionary, 4th edition, page 1198, nolo contendere is said to be "The name of a plea in a criminal action, having the same legal effect as a plea of guilty, so far as regards all proceedings on the indictment, and on which the defendant may be sentenced." The same authority, citing *Commonwealth* v. *Tilton,* 8 Metcalf (Mass.) 232, states that, like a demurrer, the plea of nolo contendere admits, for the purposes of the case, all the facts which are well pleaded, but that it is not to be used as an admission elsewhere.

There appear to be four separate and distinct characteristics of the plea of nolo contendere. These are (1) applicability, (2) acceptability, (3) its effect in the case, and (4) its consequences outside the case. See Annotation I, 152 A.L.R. pp. 258-259. As to its applicability, in some jurisdictions, such as Illinois, Indiana, Kansas, Minnesota and New York, the plea has not been recognized or permitted in any circumstances; in other jurisdictions, however, such as Colorado, Mississippi, Missouri, Pennsylvania and Wyoming, the plea is expressly recognized; and in many other jurisdictions, such as Alabama, Arkansas, California, Connecticut, Delaware, Florida, Louisiana, Maine, Massachusetts, Montana, New Hampshire, New Jersey, North Carolina, Rhode Island, Texas, Vermont, Washington, Wisconsin and the federal courts, the plea has been accepted without any inquiry as to its propriety or admissibility. The courts, however, are unanimous in holding that in the absence of a statute to the contrary the plea of nolo contendere can not be accepted to an indictment for an offense for which capital punishment is prescribed. There is a division of authority upon the question whether the plea may be accepted whether the penalty is or may be imprisonment. See Annotation II, 152 A.L.R. pp. 259-266.

In Pennsylvania, New Jersey, Rhode Island and Massachusetts, in some other jurisdictions, and in the Federal system, the courts permit the plea of nolo contendere to be interposed to an indictment for a felony and sentence of imprisonment to be imposed upon such plea.

*Commonwealth* v. *Shrope*, 264 Pa. 246, 107 A. 729; *Teslovich* v. *Fireman's Fund Insurance Company of San Francisco*, 110 Pa. Super. 245, 168 A. 354; *Commonwealth* v. *Ferguson*, 44 Pa. Super. 626; *State* v. *Martin*, 92 N.J.L. 436, 106 A. 385; *State* v. *Alderman*, 81 N.J.L. 549, 79 A. 283; *Orabona* v. *Linscott*, 49 R. I. 443, 144 A. 52; *In re Lanni*, 47 R. I. 158, 131 A. 52; *Barker* v. *Almy*, 20 R. I. 367, 39 A. 185; *Commonwealth* v. *Marino*, 254 Mass. 533, 150 N. E. 841; *Commonwealth* v. *Ingersoll*, 145 Mass. 381, 14 N. E. 449; *Commonwealth* v. *Adams*, 72 Mass. 359; *Commonwealth* v. *Horton*, 26 Mass. 206; *Hudson* v. *United States*, 272 U. S. 451, 47 S. Ct. 127, 71 L. Ed. 347. See also Vol. 51 The Yale Law Journal pp. 1260-1261.

With respect to acceptability of the plea of nolo contendere, the cases hold that it can not be entered by the defendant as a matter of right but may be interposed only by leave of the court in the exercise of its discretion and that its acceptance by the court is entirely a matter of grace. See Annotation III, 152 A.L.R. p. 267.

When a plea of nolo contendere to an indictment is accepted the effect of such plea is that it constitutes an implied confession of guilt and, for the purposes of that case only, is equivalent to a plea of guilty. See Annotation IV, 152 A.L.R. p. 273. Many cases in various jurisdictions hold that a plea of nolo contendere to an indictment has the effect of a plea of guilty in that proceeding, *In re Smith*, 365 Ill. 11, 5 N. E. 2d 227; *Fox* v. *Scheidt*, 241 N. C. 31, 84 S. E. 2d 259; *State* v. *Shepherd*, 230 N. C. 605, 55 S. E. 2d 79; *State* v. *McKay*, 202 N. C. 470, 163 S. E. 586; *In re Club 17, Inc.*, 26 N. J. Super. 43, 97 A. 2d 171; *Kravis* v. *Hock*, 136 N.J.L. 161, 54 A. 2d 778; *Schireson* v. *State Board of Medical Examiners of New Jersey*, 129 N.J.L. 203, 28 A. 2d 879; *Commonwealth* v. *Ingersoll*, 145 Mass. 381, 14 N. E. 449; *State* v. *Siddall*, 103 Me. 144, 68 A. 634; *Neibling* v. *Terry*, 352 Mo. 396, 177 S. W. 2d 502, 152 A.L.R. 249; *Commonwealth* v. *Rousch*, 113 Pa. Super. 182, 172 A. 484; *Teslovich* v. *Fireman's Fund Insurance Company of San Francisco*,

110 Pa. Super. 245, 168 A. 354; *State* v. *McElroy*, 71 R. I. 379, 46 A. 2d 397; *Ellsworth* v. *State*, 258 Wis. 636, 46 N.W. 2d 746; *United States* v. *Food and Grocery Bureau of Southern California*, D. C. 43 F. Supp. 974; or that such plea is equivalent to a plea of guilty insofar as it gives the court power to punish, but only in the particular case. *United States* v. *Norris*, 281 U.S. 619, 50 S. Ct. 424, 74 L. Ed. 1076; *Hudson* v. *United States*, 272 U. S. 451, 47 S. Ct. 127, 71 L. Ed. 347; *People ex rel. Attorney General* v. *Edison*, 100 Colo. 574, 69 P. 2d 246; *State* v. *Thomas*, 236 N. C. 196, 72 S. E. 2d 525; *State* v. *Ayers*, 226 N. C. 580, 39 S. E. 2d 607; *State* v. *Parker*, 220 N. C. 416, 17 S. E. 2d 475; *State* v. *Burnett*, 174 N. C. 796, 93 S. E. 473, L.R.A. 1918A, 955; *Commonwealth ex rel. Warner* v. *Warner*, 156 Pa. Super. 465, 40 A. 2d 886; *Commonwealth* v. *Smith*, 151 Pa. Super. 113, 30 A. 2d 339; *Farrington* v. *King*, C.C.A., 8 Cir., 128 F. 2d 785; *Barnsdall Refining Corporation* v. *Birnamwood Oil Company*, D. C., 32 F. Supp. 308. See 22 C.J.S., Criminal Law, Section 425; 14 Am. Jur., Criminal Law, Section 275.

In regard to the effect of the plea of nolo contendere in cases other than the case in which it is interposed the rule accepted by the courts is that it does not establish the fact of guilt for any other purpose than that of the particular case to which it applies and that it can not be used against the defendant as an admission in any civil suit for the same act. See Annotation V, 152 A.L.R. pp. 280-281.

This Court has held that a prior conviction and sentence for an offense on a plea of nolo contendere constitute a sufficient basis for the imposition of a superimposed penalty upon a conviction for a second offense. *State* v. *Moss*, 108 W. Va. 692, 152 S. E. 749. Point 2 of the syllabus in that case is expressed in these terms: "Where an indictment properly charges a conviction of a first offense as a basis for a superimposed penalty for a second offense therein charged, the record of the first conviction and sentence thereunder, as charged, is suf-

ficient, without respect to defendant's plea in the first conviction, whether guilty, not guilty, or *nolo contendere.*" See also *Neibling* v. *Terry,* 352 Mo. 396, 177 S. W. 2d 502, 152 A.L.R. 249; *People* v. *Daiboch,* 265 N. Y. 125, 191 N. E. 859; *State* v. *Suich,* 195 Wis. 175, 217 N. W. 743; *State* v. *Fagan,* 64 N. H. 431, 14 A. 727; *State* v. *Lang,* 63 Me. 215.

In *Schad* v. *McNinch,* 103 W. Va. 44, 136 S. E. 865, a habeas corpus proceeding involving the validity of a judgment of fine and imprisonment on an indictment for a misdemeanor based on a plea of nolo contendere interposed by the defendant, on writ of error to a judgment of a circuit court denying the writ, this Court said in Point 2 of the syllabus that: "A plea of *nolo contendere,* when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea, as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant cannot plead *nolo contendere* without leave of the court. If such plea is tendered, the court may accept or decline it in its discretion."

Logically there is no distinction between the imposition of a sentence of imprisonment upon the plea of nolo contendere to an indictment for a misdemeanor and the imposition of a sentence of imprisonment upon such plea to an indictment for a felony, even though the courts, in the exercise of discretion, do not permit the interposition of a plea of nolo contendere to an indictment for an offense in which the death penalty is mandatory or may be lawfully imposed. Under the authority of the numerous decisions of the courts in other jurisdictions, including the Federal courts, in which the plea of nolo contendere to an indictment for a felony, other than a capital offense, has been permitted and recognized as a basis for the imposition of a sentence of confinement in a penitentiary, and pursuant to the reasoning of this

Court in the case of *Schad* v. *McNinch*, 103 W. Va. 44, 136 S. E. 865, a valid sentence of imprisonment may be entered upon a plea of nolo contendere to an indictment for a felony in any criminal case in which the death penalty may not be inflicted, and such judgment of imprisonment can not be considered or controlled in a habeas corpus proceeding on the ground that it was entered upon such plea.

The petitioner also contends that, by virtue of the provisions of Section 2, Article 3, Chapter 62, Code, 1931, the circuit court was without authority to permit the petitioner to interpose his plea of nolo contendere to the felony indictment on which the sentence of imprisonment was pronounced, and that its action in accepting such plea violated that statute. The provisions on which the petitioner relies to sustain this contention are: "A person indicted for felony shall be personally present during the trial therefor. If he refuse to plead or answer, and do not confess his guilt, the court shall have the plea of not guilty entered, and the trial shall proceed as if the accused had entered that plea. * * *." There is no merit in the contention of the petitioner. By tendering his plea of nolo contendere the petitioner did, in fact, plead or answer the indictment, and by such plea he also impliedly confessed his guilt. For these reasons the quoted provisions of the statute did not apply to or prohibit the interposition of the plea of nolo contendere by the petitioner and its acceptance by the court.

The writ heretofore awarded in this proceeding is discharged and the petitioner is remanded to the custody of the defendant to serve in the manner prescribed by law the sentence of imprisonment pronounced by the Circuit Court of Wood County by its final judgment of April 24, 1959.

*Writ discharged.*

Calhoun, Judge, dissenting:

Believing that the portion of the decision of the majority of the members of the Court which is embodied in

the third point of the syllabus represents a drastic, unwarranted and unwise departure from the previous law of this state, statutory and otherwise, I respectfully register my dissent.

That, until this time, the law of this state has been otherwise is evidenced by the fact that all research made in relation to the question by competent counsel and by members of the Court has failed to disclose a single reported decision of the Court, from the birth of the state to this date, involving a plea of *nolo contendere* to an indictment charging a felony. Humbly acknowledging the limitations upon the range of my own previous experience and observation, I nevertheless state that this represents the first time I have heard of an individual being sentenced to the penitentiary by a court of this state upon such a plea. This dearth of precedent alone, it seems to me, should be sufficient to dictate the exercise of prudence and caution before engrafting on the law of criminal procedure of the state this novel and dubious proposition.

By virtue of both constitutional and statutory provision, the common law remains in force in this state, except as altered by statute. Code, 2-1-1; Constitution, Article VIII, Section 21. The majority opinion does not and cannot point to any portion of the common law of England or of Virginia, specifically authorizing a plea of *nolo contendere* to all indictments for felonies, except capital offenses. The mother state of Virginia, from which we originally derived the bulk of our law, faced an identical problem, and the Supreme Court of Appeals of that state attached itself to more secure moorings by holding that, under the common law in force in relation to the proposition, such a plea could not be accepted in a felony case. *Roach* v. *Commonwealth,* 157 Va. 954, 162 S. E. 50. In the case of *Schad* v. *McNinch,* 103 W. Va. 44, 49, 136 S. E. 865, 867, which involved the question whether imprisonment as well as fine was proper upon such a plea in a misdemeanor case, this Court somewhat laboriously arrived at the conclusion: "According to the

quoted decisions involving the common law construction of such a plea, the weight of authority authorizes courts to entertain it, or not, at their discretion, in that class of *misdemeanors* for which punishment must be imposed by fine, imprisonment, or both." (Italics supplied).

The majority opinion states that the plea of *nolo contendere* has not been in use in England since 1702. Since the Constitution of this state and Code, 2-1-1 both became effective long thereafter, it may be questionable whether we have ever adopted any portion of the common law of England relating to a plea of *nolo contendere*. Certain it is that neither by constitutional nor statutory provision have we ever adopted an authorization of a plea of *nolo contendere* to a felony indictment, for the very good reason that it is impossible to determine that such was ever a part of the common law of England or of Virginia. It is axiomatic that "only the Legislature has the power to change" the common law. *State* v. *Arbogast,* 133 W. Va. 672, 675, 57 S. E. 2d 715, 717.

The majority opinion quotes a portion of 22 C.J.S., Criminal Law, Section 425, page 659. Other portions thereof are as follows: "The so-called plea of 'nolo contendere', which is still allowed in some jurisdictions, *is not a plea in the strict sense of that term in the criminal law,* but a formal declaration by accused that he will not contend with the prosecuting authority under the charge." (Italics supplied). Certain pleas were acceptable in criminal cases at common law and various pleas are acceptable under our present practice in this state. Chitty, Criminal Law (1847), Vol. 1, page 434; 22 C.J.S., Criminal Law, Section 414, page 635; Lee's Criminal Trial in the Virginias, (2d Ed.), Vol. 1, Section 75, page 48 *et seq.* This state has no statute governing pleas in criminal cases, except as noted hereinafter, but "In such cases all pleas must be filed and disposed of as at common law." The Criminal Trial in the Virginias, (2d Ed), Vol. 1, Section 76, page 49. Rule IV, Rules of Practice for Trial Courts, 116 W. Va. lxi, provides: "The Court will require all dilatory pleas and

demurrers to indictment to be filed promptly and hearings to be had thereon." The pleas allowable at common law were characterized by a high degree of technicality in relation to felony charges. Chitty, Criminal Law (1847), Vol. 1, page 434 *et seq.; State* v. *Beatty,* 51 W. Va. 232, 41 S. E. 434.

Bearing in mind the place of the "plea" in our criminal procedure, we may get a better understanding of the import and intent of Code, 62-3-2, the following portion of which was treated so casually in the majority opinion: "A person indicted for *felony* shall be personally present during the trial therefor. If he refuse to *plead* or answer, *and do not confess his guilt,* the court shall have the plea of not guilty entered, and the *trial* shall proceed as if the accused had entered that plea, and judgment upon the verdict in any such trial shall be entered up *as in cases of misdemeanor."* (Italics supplied). How was judgment entered at common law "in cases of misdemeanor"? The rule is stated in Chitty, Criminal Law, (1847), Vol. 1, page 435, as follows: "* * * and, therefore, in these cases, if a defendant plead in abatement or bar, and an issue in fact thereon be determined against him, he will have totally lost the benefit of a trial on the offence itself, and sentence may be pronounced, as though he had been regularly convicted. It seems, however, to be in the discretion of the court, to allow him still to plead not guilty, and this they will probably exercise, when the penalty incurred or conviction is very severe." The same authority, immediately preceding the above quotation, states a different rule as to felonies as follows: "In case of felony, however, if the prisoner plead in bar or abatement, and it be adjudged against him, he will have liberty at the same time, or even afterwards, to plead over to the matter of the indictment, as if he had never relied upon any other ground of defence * * *."

From the earliest days of the common law to the present the law has displayed a higher degree of solicitude and caution in relation to felonies than in relation to mis-

demeanors, as is evidenced by the quotations above from Chitty. Other instances, except as recently modified by statute, have related to the requirement that the accused plead in person rather than by counsel in felony cases, the presence of the accused from arraignment to final judgment, keeping the jury together, the number of jury strikes, discharge of the accused for failure to try, and the requirement that felony trials shall be only by presentment or indictment by a grand jury. "In a felony case, the trial judge should, if necessary, assume the initiative in order that the accused may receive a fair and impartial trial." *State* v. *Belcher*, 121 W. Va. 170, 174, 2 S. E. 2d 257, 260. The same case, by a divided court, holds that specific objections to state instructions are not required in felony cases, as in misdemeanor cases, and by either side in civil cases. Other authorities might be cited for the traditional proposition that different rules are applied in felony cases.

In this background we can understand why the Legislature has provided by Code, 62-3-2, that in felony cases, as distinguished from misdemeanor cases, if the accused "refuse to plead or answer, *and do not confess his guilt*," the court shall have the plea of not guilty entered for him in order that there may be vouchsafed to him his constitutional right to a trial by jury. The solicitude displayed by law for one charged with a felony is further evidenced by the repetition of similar language, not quoted by the majority, in Code, 61-11-15: "Modes of Conviction of Felony.—*No person shall be convicted of felony, unless by his confession in court, or by his plea or demurrer, or by the verdict of a jury* accepted and recorded by the court." (Italics supplied). A plea of guilty is defined as: "A confession of guilt in open court." Black's Law Dictionary (4th Ed.) 1310. Comparing this definition with the words "confess his guilt" found in Code, 62-3-2, and the words "his confession in court" found in Code, 61-11-15, we glean what was obviously intended by the statutory language employed. If a plea of guilty means "a confession of guilt in open court", then it follows logically that the words "confess his guilt"

and the words "his confession in court" refer to a plea of guilty.

The majority opinion correctly points out that the plea of *nolo contendere*, literally interpreted, means "I do not contend." Could it be maintained that this is what the Legislature had in mind when it so clearly provided that one accused of a felony may be convicted only by the verdict of a jury or by his confession of guilt in open court? The majority opinion refers to the plea as an implied confession of guilt. Bearing in mind that the law requires one charged with a felony to be present personally and to enter his plea in person, rather than by counsel, could it be seriously urged that the Legislature, after all such precaution, would countenance "an implied confession of guilt?"

One thing quite clear from the entire law on the subject is that the plea of *nolo contendere* does not, in itself, amount to a *conviction*. Rather, when the accused by such a plea states that he does not contend against the charge, *it is the court which convicts by treating such plea in limited situations as tantamount to a plea of guilty*. The plea does not convict, certainly it does not confess guilt, but the court by its acts convicts the accused. Under no construction of such plea can it be said that the *accused* himself confesses his guilt. *State* v. *Moss,* 108 W. Va. 692, 152 S. E. 749.

It is true that in some other jurisdictions the plea of *nolo contendere* is accepted even in felony cases. I do not know to what extent courts of such jurisdictions are authorized or inhibited by statute, nor do I know to what extent such courts are sternly enjoined, as we are, by constitutional and statutory mandate to follow the common law except as altered by statute. Our decision should be based on the law of our own jurisdiction.

No doubt the Legislature in its wisdom meant to make it clear that one's conviction of a felony should never be left to intendment, implication or uncertainty. This wisdom is fully vindicated by the fact that in apparently

the first case ever to reach this Court involving a plea of *nolo contendere* to a felony indictment, the accused individual says that he did not understand the import and implication of such plea.

Frequently, courts are charged with engaging in "judicial legislation." With great deference to other members of the Court, I am convinced that the majority opinion not only engages in "judicial legislation" in the usual sense, but that it goes to the quite unusual extreme of *repealing* two specific statutory enactments. It is my considered judgment that, for almost a century, it has been accepted as hornbook law among the members of the legal profession that there are but two methods whereby one may be convicted of a felony in this state: by plea of guilty and by jury verdict. As a result of the majority opinion, an accused in a felony case now may enter the plea of *nolo contendere,* nowhere re-referred to in the entire West Virginia Code, never before appearing in a felony case among the reported decisions of this Court, but having its nebulous, uncertain existence on the yellow pages of ancient legal tomes. Having entered such a plea, thereby stating that he neither confesses nor denies, *the court may convict him* without the intervention of a jury of his peers.

I would hold that one accused of a felony in this State may be convicted only by the verdict of a jury or by his plea of guilty and that, in the absence of a conviction of the accused by either method, there can be no valid sentence.

For the reasons stated, I would award the writ, and discharge the prisoner from his confinement in the penitentiary on the ground that he has been sentenced in the absence of a conviction in a manner recognized by the law of this state.