JAMES EVERETTE SLOAN, *Petitioner*

*v.*

ANDREW S. WACHTEL, M.D., *Acting Director of Clinical Services at Spencer State Hospital, Respondent*

*and*

LORENZO ROBINS, *Petitioner*

*v.*

ANDREW S. WACHTEL, M.D., *Acting Director of Clinical Services at Spencer State Hospital, Respondent*

(No. 13752)

Decided March 22, 1977.

*Daniel F. Hedges* for plaintiff in error, Robins.

*Chauncey H. Browning,* Attorney General, *William D. Highland,* Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

On July 21, 1976, writs of error were granted in these two habeas corpus actions which were then consolidated for hearing on appeal. The Circuit Court of Roane County denied Robins a hearing on his petition for a writ of habeas corpus ad subjiciendum on May 13, 1976, and on May 20, 1976, the same court denied Sloan a hearing on a similar habeas corpus petition. Both petitioners had been involuntarily committed for an indeterminate period to the Spencer State Hospital, a state mental health facility—Sloan by final order of the Circuit Court of Wood County, entered on February 20, 1976, and Robins by final order of the Circuit Court of Kanawha County entered on May 4, 1976. In their petitions here both petitioners allege they are not mentally ill, retarded or addicted and are not dangerous to themselves or others. W. Va. Code, 27-5-4(d). They assert their commitment and confinement are illegal and unconstitutional. In each case the Circuit Court of Roane County, in denying the petitions for habeas corpus relief, ruled that "the allegations of said petitioner are insufficient to make a prima facie showing that petitioner is illegally detained by respondent."

The Attorney General of West Virginia has filed separate answers in the two cases for and on behalf of the respondent, Andrew S. Wachtel, M.D., Clinical Director of the Spencer State Hospital. In the Sloan case the respondent "admits the truth of the first and sixth assignments of error but denies the truth of the remaining assignments of error." In the Robins case, respondent "admits the truth of the first assignment of error but denies the truth of the remaining assignments of error." In each case, the respondent asks that the judgment orders of the Circuit Court of Roane County be reversed as to the errors admitted, but affirmed as to the remaining assignment of errors denied.

In each case, the first assignment of error, admitted by respondent, is that the "Circuit Court erred in denying to the petitioner an opportunity to present evidence

in support of his allegation that he was denied effective assistance of counsel." In the Sloan case, the sixth assignment of error, admitted by respondent, is that the "Circuit Court erred in denying to the petitioner an opportunity to present evidence in support of his allegation that the notice of hearing sent to petitioner failed to specify his right to have counsel appointed to him and his right to consult with counsel at every stage of the proceedings and the time and place of the hearing."

Following the Court's decision in *State ex rel. Hawks v. Lazaro*, 157 W. Va. 417, 202 S.E.2d 109 (1974), the Legislature, in 1974 and again in 1975, amended relevant sections of the statute, Chapter 27, Article 5 of the W. Va. Code. Section 4, as last amended in 1975, relates to both of the assigned errors requiring immediate consideration—the trial court's refusal to allow petitioners to present evidence that they were denied effective assistance of counsel at their separate commitment proceedings, and the trial court's refusal to allow petitioner Sloan to present evidence in support of his allegation that he was not given sufficient notice of his rights at and the time and place of his commitment proceedings. After preliminary provisions relating to proceedings for involuntary hospitalization, the statute, in pertinent parts, particularly as to the required notices and counsel services, reads as follows:

"(b) Upon receipt of an application, the clerk of the circuit court shall give notice thereof to the individual and to the individual's spouse, parents or parent or guardian, or, if the individual does not have a spouse, parents or parent or guardian, to the individual's adult next of kin. Such notice shall be given within ten days after receipt of the application by the clerk of the circuit court and shall be served on such person or persons at his or their last known address by certified or registered mail, return receipt requested.

"The notice served on the individual shall specify the nature of the charges against him, the facts underlying and supporting the application

for his involuntary commitment, and shall advise him of his right to have counsel appointed for him and to consult with counsel at every stage of the proceedings.

"Within a reasonable time after notice of the commencement of proceedings is given, the circuit court or mental hygiene commissioner shall appoint two physicians or a physician and psychologist other than the physician or psychologist whose certification may have accompanied the application under this section to the circuit court or mental hygiene commissioner, to examine the individual and report to the circuit court or mental hygiene commissioner their findings as to the mental condition of the individual and the likelihood of his causing serious harm to himself or others. The physicians or physician and psychologist may jointly examine the individual, but must make separate, independent and signed evaluations of this condition stating the facts upon which the conclusions therein are based.

"If the designated physicians or physician and psychologist report to the circuit court or mental hygiene commissioner that the individual has refused to submit to an examination, the circuit court or mental hygiene commissioner shall order him to submit to such examination. The circuit court may enter an order directing the individual to be taken into custody, but not incarcerated in a jail or penal institution, for the purpose of an immediate examination by the designated physicians or physician and psychologist. All such orders shall be directed to the sheriff of the county or other appropriate law-enforcement officer. After such examination has been completed, the individual shall be released from custody unless such custody is in a mental health facility pursuant to an emergency hospitalization as provided for in section two [§ 27-5-2] of this article. If the reports of the appointed physician or physicians and psychologists do not confirm that the individual is mentally ill, mentally retarded or addicted and might be harmful to him-

self or others, then the proceedings for his involuntary hospitalization shall be dismissed.

"The circuit court or mental hygiene commissioner shall forthwith fix a date for and have the clerk of the circuit court give notice of the hearing to (1) the individual, (2) to the applicant or applicants, and (3) to the individual's spouse, parents or parent or guardian, or if the individual does not have a spouse, parents or parent or guardian, to the individual's adult next of kin, and (4) to the mental health facility serving the area. Such notice shall be served on the individual by personal or substitutive service of process not less than ten days prior to the date of the hearing. The notice to the individual's spouse, parents or parent or guardian, or the individual's adult next of kin may be by personal or substituitive service of process or by certified or registered mail, return receipt requested. Such notice shall specify the nature of the charges against the individual; the facts underlying and supporting the application of his involuntary commitment; his right to have counsel appointed for him; his right to consult with counsel at every stage of the proceedings and the time and place of the hearing.

"(c) The individual shall be present at the hearing and he, the applicant and all persons entitled to notice of such hearing shall be afforded an opportunity to testify and to present and cross-examine witnesses. In the event that the individual has not retained counsel, the court or mental hygiene commissioner at least seven days prior to hearing shall appoint a competent attorney, who shall be present at the hearing and protect the interests of the individual, and the circuit court, by order of record, may allow the attorney a reasonable fee not to exceed the amount allowed for attorneys in felony cases by section one [§ 62-2-1], article two, chapter sixty-two of this Code. Any counsel representing an individual shall be entitled to copies of all medical reports, psychiatric or otherwise. . . ."

The provisions of this revised statute embracing language concerning effective counsel services and sufficient and adequate notices are plain. The law requires that the procedures be pursued. The teachings of *State ex rel. Hawks v. Lazaro, supra,* are to be observed.

Counsel for the respondent, in his separate answers to the petitions for writs of error in both habeas corpus appeals, admits the truth of the first assignment of error—that the Circuit Court of Roane County denied each petitioner an opportunity to present evidence in support of his allegation that he was denied effective assistance of counsel prior to and at the commitment proceedings in the trial courts—in the Circuit Court of Kanawha County in the Robins case and in the Circuit Court of Wood County in the Sloan case. In his brief stating respondent's position in both cases, counsel concedes the petitions for habeas corpus relief clearly charge that statutory requirements were not met as to notice and counsel services prior to and at the commitment hearings. He further states that "Because both the allegations as to the notice and those as to ineffective assistance of counsel are reasonably specific factual allegations—not bald legal conclusions—they show probable cause, which is all that is required to trigger a habeas hearing." On these bases, ineffective assistance of counsel in both cases and lack of proper notice in the Sloan case, counsel for respondent asks that the judgments of the Circuit Court of Roane County, denying in both cases the opportunity to present evidence in support of the petitions for writs of habeas corpus, be reversed. The record now before this Court does not disclose or indicate the nature and extent of the evidence sought to be presented in behalf of petitioners on these issues, but the right to so present evidence at a hearing on proper petitions for writs of habeas corpus is not to be denied. *West Virginia Constitution,* Article III, Section 4; *United States Constitution,* Article I, Section 9; W. Va. Code, 53-4-1.

Counsel for respondent, in his joint answer in the two cases, asks that the judgments of the Circuit Court of

Roane County be affirmed as to the other four assignments of error—whether petitioners were entitled to present evidence concerning a less restrictive alternative for their treatment, the extent of their mental illness, failure to receive meaningful treatment for their alleged mental condition at the Spencer State Hospital, and petitioners' position that they were not dangerous to themselves or others. It is respondent's contention that these are issues to be considered and resolved on judicial review of the commitment proceedings—that "a habeas corpus proceeding is not a substitute for a writ of error or other appellate process." *State ex rel. Clark v. Adams,* 144 W. Va. 771, 111 S.E.2d 336 (1959); *Pyles v. Boles,* 148 W. Va. 465, 135 S.E.2d 692 (1964). The Court is mindful of the similarities in procedural rights of an accused in a criminal case and of a person in mental illness commitment proceedings, but must recognize also the rule applied in the *Clark* and *Pyles* cases, *supra,* contemplates and is based on valid judgments in criminal cases. At issue in the present involuntary mental illness commitment proceedings is the validity of the judgments of the trial courts in committing petitioners to Spencer State Hospital. The plain and clear language of the last paragraphs in W. Va. Code, 27-5-5 and 8, as amended by the Legislature in 1974 following the Court's decision in *State ex rel. Hawks v. Lazaro, supra.* is particularly significant. The ready availability of habeas corpus relief is confirmed. Legislation now provides that the administrative and appeal procedures in involuntary hospitalization cases shall not be construed to limit or precondition the right to seek release of the patient by habeas corpus. Respondent concedes that petitioners have a right to be heard on the issue involving effective assistance of counsel in the two cases and the added issue of validity of notice in the Sloan case. Affirmation of the trial court's judgments on the other four assignments of error in each case will be denied since these assignments present substantial factual issues not heard by the trial court. If the positions of petitioners on these four issues be sustained by evidence allowed to

be adduced at a proper hearing on the petitions, the resolution of these issues favorable to petitioners would be additional bases for granting the writs by the trial court.

The judgment of the Circuit Court of Roane County, entered on May 13, 1976 denying a habeas corpus petition hearing in the Robins case is reversed on the trial court's denial of petitioner's opportunity to present evidence in support of his allegations that he was denied effective assistance of counsel prior to and at his involuntary commitment proceedings in the Circuit Court of Kanawha County. The judgment of the Circuit Court of Roane County, entered on May 20, 1976, denying a habeas corpus petition in the Sloan case is reversed on the trial court's denial of petitioner's opportunity to present evidence in support of his allegations that he was denied effective assistance of counsel and that he was not given adequate and sufficient notice, as required by law, incident to his involuntary commitment proceedings in the Circuit Court of Wood County. The Robins and Sloan cases will be remanded to the trial court for appropriate and expeditious hearing on and consideration of the respective petitions for writs of habeas corpus, consistent with respondent's admission of error and the foregoing opinion and decision.

*Reversed and remanded.*