ARTHUR C. BARKER *vs.* CHARLES E. ALMY.

PROVIDENCE—JANUARY 19, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

While the word "convicted" is commonly used to signify the finding of the jury that the accused is guilty, it is also used, in a more technical sense, to include the judgment and sentence of the court on a verdict or confession of guilt.

A plea of *nolo contendere* is an implied confession of guilt, and has the same effect as a plea of guilty so far as the proceedings on the indictment are concerned.

A defendant who has been sentenced on such a plea is to be deemed convicted of the offence for which he was indicted.

A statute under which a suit was brought permitted the bringing of an action of the case, or of trespass; the suit brought was in case but sounded in trespass :—

*Held,* that it was proper to allow the declaration to be amended by striking from it the allegations of "force and arms" and "against the peace," and so make it conform to the action brought.

ACTION OF THE CASE for double the value of money taken.

MATTESON, C. J. This is an action of the case brought under Gen. Laws R. I. cap. 233, § 16, which provides that "whenever any person shall be convicted of larceny he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration." The declaration sets forth, with technical averments of time and place, that the defendant, being in the employment of the plaintiff as a clerk, and by virtue of his employment as clerk, and in his capacity as clerk, having in his possession eighty-seven and thirty one-hundredths dollars lawful money of the United States, to the plaintiff belonging, with force and arms against the peace, did unlawfully take, retain, convert to his own use and embezzle said money, and other wrongs to the plaintiff did, against the peace, &c. It also sets forth that the defendant was indicted by the grand jury and pleaded *nolo contendere*, and was sentenced to pay a fine of twenty dollars and costs; that by reason of the non-restoration of the money to the plaintiff, and by reason of the conviction of the defendant, the plaintiff is entitled to recover double the amount of the money embezzled.

Gen. Laws R. I. cap. 279, § 16, provides that "Every officer, agent, clerk or servant, or person to whom any money or other property shall be entrusted for any specific purpose, who shall embezzle or fraudulently convert to his own use, or shall take or secrete with intent to embezzle and fraudulently convert to his own use, any money or other property which shall have come into his possession or shall be under his care or charge, by virtue of such employment or for such specific purpose, shall be deemed guilty of larceny, and may be tried, sentenced, and punished as for any other larceny."

At the trial in the District Court of the Sixth Judicial District the defendant moved in arrest of judgment, (1) because sentence on a plea of *nolo contendere* is not such a conviction as the statute contemplates, and (2) because the

declaration sounds in trespass while the action purports to be in case.

It is true that the word "convicted," as contended by the defendant, is commonly used merely to signify the finding of the jury that the accused is guilty; but it is also frequently used, in a more technical sense, to include the judgment and sentence of the court on a verdict or confession of guilt. *Com.* v. *Gorham*, 99 Mass. 420. A plea of *nolo contendere* is an implied confession of guilt, and has the same effect as a plea of guilty so far as the proceedings on an indictment are concerned. Hence a defendant who has been sentenced on such a plea is to be deemed convicted of the offence for which he was indicted. *Com.* v. *Horton*, 9 Pick. 206; *Com.* v. *Ingersoll*, 145 Mass. 381. In the latter case it is said: "A plea of *nolo contendere*, when accepted by the court, is in its effect upon the case equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such a plea as well as upon a plea of guilty, and such a plea, if accepted, cannot be withdrawn and a plea of not guilty entered except by leave of the court. But there is a difference between the two pleas in that the defendant cannot plead *nolo contendere* without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion. If the plea is accepted, it is not necessary or proper that the court should adjudge the party guilty, for that follows as a legal inference from the implied confession; but the court proceeds thereon to pass the sentence of the law." And see *State* v. *Conway*, 20 R. I. 270. We are of the opinion, therefore, that the sentence of the court, on the defendant's plea of *nolo contendere*, was a conviction of the defendant within the contemplation of the statute.

We think the declaration is bad in that, the action being case, the declaration sounds in trespass. Inasmuch, however, as the statute (Gen. Laws R. I. cap. 233, § 16) under which the suit is brought permits the bringing of either trespass or case, so that case is a proper remedy, we think

that we may properly permit an amendment of the declaration by striking out the allegations of "force and arms" and "against the peace," which will change the declaration from a declaration in trespass to one in case. Gen. Laws R. I. cap. 235, § 4; *Hobbs* v. *Ray*, 18 R. I. 84; *Wilson* v. *New York, New Haven & Hartford R. R. Co.*, 18 R. I. 598; *Jackson Bank* v. *Irons*, 18 R. I. 718.

The motion in arrest is overruled, and the case is remitted to the District Court of the Sixth Judicial District with direction to permit the plaintiff to amend his declaration by striking out the allegations of "force and arms" and "against the peace," and when so amended to enter judgment for the plaintiff for double the amount of the money embezzled.

*John H. Flannagan*, for plaintiff.

*John M. Brennan and Dennis J. Holland*, for defendant.