ARTHUR E. GIROUX *vs.* SUPERIOR COURT.

JULY 5, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J.   This is a petition for certiorari to review the action of the superior court in sentencing the petitioner for the crime of robbery to twenty-five years in the state prison.

That court, in accordance with public laws 1945, chapter 1560, had previously deferred sentence. At such time the petitioner was serving a term of imprisonment under a sentence previously imposed for a prior offense.

The petitioner alleges in his petition that the superior court was without jurisdiction in the circumstances to impose the sentence of twenty-five years and prays that the record thereof may be certified to this court to the end that it be quashed as illegal and void. Since it appeared from the allegations of the petition that there was a question concerning the limits of the power of the superior court under P. L. 1945, chap. 1560, we issued the writ. In compliance therewith the clerk of that court has made due return of the record complained of.

According to the petition, on April 9, 1952 petitioner was sentenced to two years in the men's reformatory. On May 23, 1952 while he was serving that sentence he was sentenced on another indictment to a term of ten years to run concurrently with the first sentence. On the same day pursuant to a written agreement entered into between the attorney general and petitioner in accordance with the provisions of chapter 1560, sentence on another indictment for robbery was formally deferred. Thereafter, on June 30, 1952, petitioner was brought into the superior court for sentence on the representation of the attorney general that he had violated such agreement by throwing a pail of hot water at one of his guards in the reformatory. On such representation the justice of the superior court who had previously deferred sentence imposed the sentence of twenty-five years herein complained of.

The only question before us is whether the superior court had jurisdiction to impose sentence while petitioner was actually serving a term of imprisonment. He contends that under the provisions of chapter 1560 that court was without such power and therefore its action of June 30, 1952 was illegal and void. In support of such contention he re-

lies upon the following portion of that chapter: *"provided, that if at any time the court formally defers sentencing the defendant, and thereupon a written agreement concerning said deferring of sentence is entered into between the attorney-general and the prisoner, and filed with the clerk of said court, thereafter the court may only impose sentence within 5 years from and after the date of said written agreement, unless * * * at the time such sentence is formally deferred such prisoner shall be serving a term of imprisonment under sentence previously imposed in another case, in which event the court may impose sentence at any time within five years from and after the date on which such prisoner is released from prison either on parole or at the termination of such sentence of imprisonment, whichever first occurs."*

The petitioner argues that such proviso prohibits the superior court from sentencing a prisoner on another indictment *before* the sentence which he is serving has terminated or before he is liberated on parole. In our opinion that is a misconstruction and we think it arises from a failure to consider the history of this legislation. When the proviso is viewed in the light of its history it is clearly not such a prohibition but is a limitation of the time within which the superior court may sentence *after* either event mentioned therein has occurred.

Originally under G. L. 1923, chap. 323, sec. 18, whenever a prisoner pleaded guilty or refused to contend with the state the superior court could sentence him at any time. *Orabona* v. *Linscott*, 49 R. I. 443. Consequently whenever such a prisoner entered into an agreement with the attorney general for deferment of sentence and the court formally deferred sentencing him, he was thereafter liable to be sentenced at any time in the indefinite future if and when he had the misfortune to get into further trouble which might be deemed a violation of his agreement. From the point of view of the state as well as the offender, this was an ob-

stacle to obtaining the cooperation that was necessary to effectuate to its fullest extent the policy of deferring sentence in such circumstances.

Accordingly sec. 18 was amended by P. L. 1927, chap. 1063. That chapter expressly provided that the superior court could only impose sentence within a period of five years from and after the date of the agreement unless during such period the offender was sentenced to imprisonment in this or any other state, in which event the five-year limitation was to commence from and after the termination of such sentence. It was thereafter possible to assure the defendant that he would no longer have the threat of a sentence for his offense hanging over his head for the rest of his life. Not only did the amendment achieve that result but also by a further special provision in the last paragraph of the chapter its scope was extended to benefit those who on the effective date of the act, May 1, 1927, were already at liberty on a suspended or deferred sentence. As thus amended the act appears substantially in the revision of general laws 1938 as §18 of chap. 496.

However, in that form it made no provision for a case where the deferred sentence was imposed while the defendant was already serving a sentence for another offense. Consequently the act was again amended by P. L. 1945, chap. 1560, which took care of that omission. Thus in either event a definite starting point was fixed from which the time limitation on the superior court's power to sentence would begin to run. The act did not alter the court's power to sentence at any time *before* the expiration of such limitation but it did expressly deprive the court of the right to exercise the power to sentence *after* the period of limitation had expired.

To construe the act as prohibiting the court from sentencing while the offender remained in prison if cause therefor arose, would be to pervert the true intent of the legislature and tie the hands of the court without serving any

useful purpose. On the other hand it is clearly in the interest of promoting the policy of the act to preserve the superior court's freedom to exercise the power to sentence at any time the attorney general is prepared to show that, during the period of the deferred sentence agreement as limited by the statute, the defendant has violated its terms, whether such violation took place in confinement or while he was at liberty.

In *State* v. *Carmello,* 83 R. I. 303, 116 A.2d 464, the defendant's sentence was deferred in 1947 while he was in prison serving another sentence and thereafter on December 22, 1948 he was paroled. While on parole he was arrested on a capias on November 22, 1953 for violating his deferred sentence agreement. On appeal we approved the trial justice's decision holding that the five-year limitation began to run from the date of his parole. The petitioner cites this case in his own behalf, but we fail to see how it is of any support to the contention he makes here. On the contrary it is implicitly based upon the reason which we have expounded.

On this view we are of the opinion that the action of the superior court was taken in accordance with law and therefore the record of such action should not be quashed.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered returned to the superior court with our decision endorsed thereon.

FLYNN, C. J., did not participate in the decision.

*Aram A. Arabian,* for petitioner.

*William E. Powers,* Attorney General, *Frank O. Lind, Jr.,* Special Counsel, for respondent.