MILTON E. POWERS *vs.* HAROLD V. LANGLOIS, *Warden.*

JULY 28, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

46

FROST, J. This is a petition for a writ of habeas corpus wherein the petitioner states that he is now serving a three-year sentence imposed by the superior court on March 24, 1958; that sentence was imposed because of an alleged breach of a deferred sentence given on July 8, 1949; that the period during which he might be sentenced under said deferred sentence had expired; and that he is now being held illegally. He prays that he be released.

The following allegations appear in the petition: On July 8, 1949 petitioner was given a deferred sentence on an indictment charging breaking and entering. At that time he was serving a sentence previously imposed in another case. On May 7, 1951 he was released on parole from the sentence which he was serving when the deferred sentence was given.

In May 1953 he was sentenced to a term of eighteen months in the Federal Correctional Institution at Danbury, Connecticut. In August 1954 he was released from that institution upon termination of his sentence.

In April 1955 he was sentenced to a term of two and one-half to three years in the Massachusetts Correctional Institutions. In December 1956 he was released therefrom on parole.

In November 1957 he was convicted in the district court of the sixth judicial district in this state of receiving stolen goods, was sentenced to nine months, appealed, and was released on bail. In March 1958 he was adjudged in the

district court to be an idle person, received a sentence of one year, appealed, and was released on bail.

A capias was issued from the superior court on January 2, 1958, and on March 24, 1958 petitioner was brought before the court for alleged violation of the terms of the deferred sentence given on July 8, 1949. He then received the sentence which he now claims to be illegal.

The petitioner bases his contention that the sentence which he is now serving is illegal on the following grounds: That the deferred sentence given on July 8, 1949 had expired prior to March 24, 1958; that he was denied counsel at the time of sentence; that the state had lost jurisdiction by its neglect to act earlier; that the court acted without having a presentence report; and that the imposition of sentence placed him in double jeopardy.

In July 1949 the pertinent statute was general laws 1938, chapter 496, §18, as amended by public laws 1945, chap. 1560, now G. L. 1956, §12-19-19. This section reads as follows:

"Whenever any prisoner shall be arraigned before the superior court, and shall plead guilty, or refuse to contend with the state, he may be at any time sentenced by the court; provided, that if at any time the court formally defers sentencing the defendant, and thereupon a written agreement concerning said deferring of sentence is entered into between the attorney-general and the prisoner, and filed with the clerk of said court, thereafter the court may only impose sentence within five (5) years from and after the date of said written agreement, unless during said period, such prisoner shall be sentenced to imprisonment in this or in any other state, in which event the court may impose sentence at any time within five (5) years from and after the termination of such sentence of imprisonment, or unless at the time such sentence is formally deferred such prisoner shall be serving a term of imprisonment under sentence previously imposed in another case, in which event the court may impose

sentence at any time within five (5) years from and after the date on which such prisoner is released from prison either on parole or at the termination of such sentence of imprisonment, whichever first occurs."

The petitioner contends that he could be sentenced only in the five-year period beginning May 8, 1951 and ending May 7, 1956. He asserts that three distinct situations are provided in the section of the statute just referred to; that he comes under the third or last; that such portion of the section in effect is to be read by itself and wholly independent of the other portions; and that since there is no clause extending the time of the deferred sentence to cover supervening sentences, May 7, 1956 was the last day on which he could be sentenced.

We are of the opinion that petitioner having signed a deferred sentence agreement is bound by all the provisions relating to that agreement; and that the section must be read as a whole giving meaning to each and every part, because only by so doing can the salutary purpose of the deferred sentence be carried out. Clearly the purpose is to give the petitioner an opportunity to rehabilitate himself free from physical restraint and at the same time to afford society a means of protecting itself in the event that petitioner fails in his rehabilitation.

The petitioner cites and apparently relies on *State* v. *Carmello*, 83 R. I. 303, and *Giroux* v. *Superior Court*, 86 R. I. 48, 133 A.2d 636. In the *Carmello* case, on July 8, 1947 the defendant was given a deferred sentence on an indictment while serving a sentence imposed on another indictment. On December 22, 1948 he was paroled. On December 18, 1953 he was sentenced for violation of the terms of the deferred sentence given on July 8, 1947. The question raised by defendant was whether the deferred sentence agreement was governed by the provisions of the law in effect at the time of the commission of the crime for which he was sentenced or by the law in force at the time of sentence. He

contended that the five-year period during which he could have been sentenced ended on July 8, 1952. The court held that he was properly sentenced under the law as it existed at the time of sentence.

In the *Giroux* case the defendant was given a deferred sentence while serving a sentence imposed for a prior offense. A short time later he was brought before the court and sentenced for an alleged violation of the deferred sentence resulting from his action toward one of the prison guards. The court stated at page 637: "The only question before us is whether the superior court had jurisdiction to impose sentence while petitioner was actually serving a term of imprisonment." The defendant contended that he could only be sentenced in the five-year period following the termination of his sentence or his liberation on parole. We held that the superior court had a legal right to impose sentence. Neither case involved the precise situation presented here and neither affords any support to petitioner's contention. We are of the opinion that the period during which petitioner could be sentenced had not expired on March 24, 1958.

The petitioner asserts that he was denied counsel at the time of sentence. From the exhibits offered by him at the hearing it appears that on March 24, 1958 his counsel of record was in "the south," and that another attorney appeared for him, possibly from the office of the absent attorney, who requested a continuance which was denied. The court stated that it would hear counsel on the extent of the penalty to be imposed. It does not appear that counsel spoke in petitioner's behalf. From what appears it cannot be said that petitioner was denied counsel even if it be assumed that he had a right to counsel.

Article I, sec. 10, of the constitution of Rhode Island reads in part as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury; to be informed of the nature and

cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining them in his favor, to have the assistance of counsel in his defense * * *." It is clear that this language refers to the trial itself and not to later proceedings. *State v. Hudson,* 55 R. I. 141.

The evidence before the court indicates that petitioner is not an indigent defendant. It also indicates that he possesses a high degree of intelligence since while serving in the Canadian Air Force he attended McGill University in Montreal. Considering all of the attendant circumstances, we are of the opinion that the action of the superior court in refusing to continue the case and in its insistence upon sentencing was not arbitrary, was not an abuse of discretion, and was not violative of any right which petitioner possessed.

The petitioner insists that the state had lost jurisdiction by its neglect to act earlier. Following petitioner's release on parole on May 7, 1951 it does not appear that he was in this state until he was before the district court in December 1957. A capias was issued from the superior court on January 2, 1958. We find no merit in this contention.

The petitioner contends that the court sentenced him without having a presentence report. G. L. 1956, §12-19-6. Whether the absence of such a report is a fact of which a defendant can take advantage, the court does not decide at this time. There is before us a presentence report which is petitioner's exhibit "C". This report bears the date "3/19/58". Whether such report was in the hands of the superior court when sentence was imposed we do not know but will assume as we must, in the absence of proof to the contrary, that in imposing sentence the court proceeded according to law. He takes nothing from this contention.

The petitioner's final contention is that the imposition of sentence placed him in double jeopardy. We do not question that a defendant may not be placed in double jeopardy.

In this case, however, whether he was depends on whether there was a right to sentence on March 24, 1958. We have already held that the superior court had the right to impose sentence at that time. This point therefore requires no further consideration.

For the reasons expressed the petition is denied and dismissed.

*Aram A. Arabian*, Public Defender, for petitioner.

*J. Joseph Nugent*, Attorney General, *Francis J. Fazzano*, *Assistant* Attorney General, for State.