L. Hazard Knowles *vs.* Thomas Ponton *et al.*

APRIL 16, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This action of trespass was brought to recover damages alleged to have resulted from the defendants' unauthorized excavation of a family burial plot. In the course of the pleadings each defendant filed a plea in abatement setting out therein the nonjoinder of necessary parties plaintiff. To these pleas the plaintiff demurred. The matter was heard by a justice of the superior court who overruled the demurrer and sustained the pleas in abatement, dismissing the action on the ground of nonjoinder of parties plaintiff. From that decision the plaintiff has prosecuted an exception to this court.

In the amended declaration plaintiff alleges that he was the owner of a family burial plot located in the city of Warwick. The declaration was in three counts, the first based upon mental anguish resulting from the exhumation of the remains of plaintiff's ancestors interred therein, the second on the removal of loam and fixtures therefrom, and the third on injury to the close. The plaintiff alleged doubt as to the identity of the party liable for the injuries sustained and, pursuant to the pertinent provisions of G. L. 1956, §9-2-1, joined Thomas Ponton and Warwick Industrial Park, Inc. as defendants.

The defendants pleaded the general issue, filed several special pleas, and reserved the right to file further and additional special pleas. The defendants moved also for a bill of particulars, which motion was granted on January 16, 1962. In response thereto plaintiff filed his bill of particulars on January 25, 1962. Thereafter, on February 5, 1962, the parties stipulated in writing that defendants were to have four weeks in which to file further pleas to the amended declaration, the stipulation being entered by order of a justice of the superior court.

The defendants contend that they became aware for the first time from plaintiff's bill of particulars that he was not the sole owner of the burial plot but owned it as a tenant in

common with at least two others. It was at this time that defendants filed their pleas in abatement, setting out therein that plaintiff's ownership was by tenancy in common with two others, neither of whom was named or joined as a party plaintiff, and prayed that the writ be quashed for nonjoinder of necessary parties plaintiff. To these pleas in abatement plaintiff demurred, the grounds therefor being that by pleading in bar to the declaration defendants had waived any rights to plead subsequently in abatement and that the nonjoinder of necessary parties plaintiff in the instant case was not fatal to plaintiff's cause of action. We do not perceive the pertinency of these grounds of demurrer to the real issue raised here, that is, whether an owner by tenancy in common of personalty may maintain an action in trespass for willful injury thereto without joining as parties plaintiff therein the other owners by tenancy in common.

This is not an appropriate situation, in our opinion, for a plea in abatement for nonjoinder of parties. We take this view because of the nature of the statutory provision designed to prevent the defeat of an action by reason of nonjoinder or misjoinder of parties. That statute, G. L. 1956, §9-2-3, reads in pertinent part: "No action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in and parties misjoined may be dropped, by order of the court at any stage of the cause, as justice may require, in the discretion of the court, and upon such terms as the court may order." The clear purpose of this legislation was to preclude the dismissal of actions on the ground of nonjoinder or misjoinder of parties, and that purpose, in our opinion, makes pointless the filing of a plea in abatement for nonjoinder of necessary parties.

The plaintiff contends that because of the provisions of §9-2-3 he is entitled to bring the instant action without joining therein as plaintiffs those who are tenants in common with him in the ownership of the burial lot. This is

to argue, in effect, that the statute abrogates the common-law rule that in actions involving personalty tenants in common must be joined. *Clapp* v. *Pawtucket Institution for Savings,* 15 R. I. 489. In our opinion this statute was not intended to alter the common-law rule as stated in that case. The purpose of the statute is to preclude the defeat of an action for nonjoinder of necessary parties by conferring upon the litigants in a proper case the right to seek the assistance of the court in the issuance of orders relative to the joining of necessary parties or to preserve the cause of action where there has been a failure to do so without fault on the part of the pleader. Without intending to fully construe the pertinent statutory provisions in the instant case, it is our opinion that it does not have the effect, as plaintiff argues, of permitting him to ignore the common-law rule as to the joinder of tenants in common in actions relating to personalty.

The plaintiff here, apparently in reliance upon the construction he gives the statute, asserts that he is under no obligation to do anything to bring about a joining of the other owners in common of the burial lot. He contends that if defendants for any reason desire the joinder of such other owners in common, it is their obligation to take action to move the court to accomplish such joinder under the statute. Conceding that the purpose of the statute is to prevent the defeat of an action for the nonjoinder of necessary parties, it does not follow that the legislature intended that the statute was to vitiate common-law requirements as to joinder of parties in particular cases. It is a well-settled rule in the construction of statutes that legislative enactments will be construed to alter the common law only to the extent that the legislature has made that purpose clear. *Hoffman* v. *Louis D. Miller & Co.,* 83 R. I. 284, 288. The statute provides a method for saving litigation from the adverse effects of nonjoinder of parties. *Dimond* v. *Marwell,* 66 R. I. 390.

The plaintiff's contention, when examined in the light of the purpose of statutory provisions permitting the joinder of necessary parties made available to him under §9-2-3, appears to us to be without merit. This is particularly so with respect to his contention that by reason of the statute it is defendants' obligation to move for the joinder of parties plaintiff who, by virtue of the common-law rule, must be joined as plaintiffs if the instant action is to be maintained. We are of the opinion that it is plaintiff's obligation to perfect the cause of action he seeks to maintain and that to accomplish this he may, if he sees fit, invoke the provisions of §9-2-3.

In the circumstances here the trial justice could properly treat defendants' pleas in abatement, each of which contains a prayer to quash the writ, as motions to dismiss the action on the ground of nonjoinder of parties plaintiff. To grant such a motion would not be violative of §9-2-3 precluding the defeat of actions by reason of nonjoinder inasmuch as the dismissal would be a consequence of plaintiff's refusal to invoke action on the part of the court pursuant to the authority conferred upon it by that section. While the statute was intended to preclude the defeat of an action on the ground of nonjoinder, it does not operate to save a cause that under a rule of common law or a statute is required to be brought jointly, when its remedial operation is not invoked by the party who seeks to maintain such an action. In short, it is our opinion that the section is not self-executing.

In the circumstances here it is our opinion that the ends of justice will best be served by remitting the case to the superior court. In such circumstance the trial justice may then afford the plaintiff reasonable opportunity to take such action pursuant to §9-2-3 as he deems desirable in the light of this opinion.

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings in accordance with this opinion.

FROST, J., did not participate in the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Edward M. McEntee,* for defendants.