DECISION
This cause is before the Court on cross-motions seeking summary disposition of applicant's post-conviction remedy application (and as to P2/81-2142-A, applicant's motion to vacate conviction). Post-conviction remedy is governed by the provisions of Title l0, Chapter 9.1 of the General Laws of Rhode Island, 1956, as amended, (1997 Reenactment).
The record before the Court discloses that applicant, a career criminal, on or about November 18, 1981 changed a previously made not guilty plea to a plea of nolo contendere and was adjudged guilty of the offense of "entering a building in the night with the intent to commit larceny." Applicant was sentenced to serve a term of 18 months in connection with this plea bargained matter concurrent with a term he then was serving for another offense.
It further appears that as of November 18, 1981, applicant had an extensive criminal record of convictions and extensive experience with the criminal justice system. That experience, exclusive of the 1981 plea bargained finding of guilt attacked here has continued unabated throughout applicant's adult life. (See BCI record attached to respondent's memorandum in support of motion to dismiss applicant's motion for post-conviction relief/motion to vacate conviction.) This Court also notes that the present proceedings were initiated in this court in 1998 at a time when applicant was (and still is) serving an enhanced federal criminal sentence as an aggravated career criminal resulting from convictions in criminal proceedings, including the 1981 proceeding which is the subject of the present post-conviction relief matter.
The record before the Court discloses that the court file in the original criminal proceeding (P2/81-2142-A) does not contain either the notes or a transcript of the proceedings of or by the court reporter who was assigned to Justice Kiely who was sitting on the Daily Criminal Calendar on November 18, 1981. The record further discloses that the court reporter in the ordinary course of her responsibilities had transferred her stenographic notes to the Capitol Record Center and that those notes are no longer available. The record before the Court also discloses that on or about November 18, 1981 applicant signed a document in connection with the breaking and entering proceedings entitled "request to enter a plea of nolo contendere or guilty" wherein he purported to waive certain therein enumerated constitutional rights. His signature was witnessed on this form by Stephen Capineri, Esquire who signed on a line under which was printed the following legend: "Attorney for the Defendant." On the bottom of that form, again signed by applicant, was a waiver of presentence report. Signing as witnesses on and over a line under which appeared the same legend as above are the signatures of Stephen and Joseph A. Capineri. On November 18, 1981, a judgment of conviction and commitment form as to the applicant with respect to P2/81-2142 was executed, not by Justice Kiely, but by Presiding Justice Giannini. That form indicated that applicant appeared before the court in person and by counsel, Joseph Capineri. Finally, the record also disclosed that two other defendants, to wit, Walter Bigos and Michael L. Bouffard, were charged in the same information as was applicant and that on September 17, 1981, in P2/81-2142, nolo pleas were accepted from each of them and further that each of them was represented by Joseph A. Capineri.
 DISCUSSION
Ineffective Assistance of Counsel
Applicant here seeks post-conviction relief essentially asserting two separate grounds.
Applicant claims that he was denied effective assistance of counsel. This claim is predicated in great part on the fact that Joseph A. Capineri also represented applicant's codefendants and, as now claimed by him, had he been advised of the potential conflict of interest due to the multiple representation by Attorney Capineri of his codefendants and of himself, he would not have plead as he did. It is of course clear beyond question that a criminal defendant under the federal, as well as the state constitution is entitled to representation of counsel and as held in Cuyler v. Sullivan,466 U.S. 335 (1980), the potential for conflict of interest in representing two or more defendants is so grave that the trial judge should make a preliminary determination that such representation is a result of defendant's informed choice, and further that the trial judge must warn defendants of possible risks incident to such dual representation. While the foregoing accurately states the present law, here, however, it is clear to this Court that any potential harm to this applicant predicated solely upon Capineri's multiple representation was obviated by the two month span from the time of the pleas by his codefendants in September 1981 and his plea in November of that year. At the time of applicant's plea, Capineri's representation of Bigos and Bouffard had ended. They each had plead, been sentenced and no longer were active defendants in P2/81-2142. Accordingly, this Court finds that applicant has failed to demonstrate that his right to effective counsel was denied predicated upon his claim that Attorney Capineri had earlier represented the two aforementioned codefendants. Applicant here has the burden of establishing by affirmative evidence that Attorney Capineri did not accord him effective counsel. Applicant has presented through his affidavit no evidence on this issue at all.[1]
Absence of Stenographic Notes or Transcript
The other ground relied upon by applicant in his motion seeking summary disposition is incident to his claim that his 1981 change of plea (and plea bargain) was not voluntarily, knowingly or intelligently made. This contention is predicated on the absence of any transcript of, or even any court reporter's notes with respect to his November 18, 1981 change of plea, and sentencing hearing before Justice Kiely. Applicant in his affidavit states in paragraphs 14 through 17 as follows:
 "14. I recall that the judge asked me if I had signed the plea agreement, I responded that I did.
 15. I recall shortly thereafter that I was sentenced to 18 months in jail.
 16. I do not recall a personal colloquy with the judge explaining the charge against me.
 17. I do not recall the judge discussing the facts of the charge against me."
This Court notes that applicant did not directly appeal the conviction based upon his 1981 plea of nolo contendere. This application at bar was brought some 17 years after that plea was made and applicant was finally adjudicated to be guilty with respect to the breaking and entering charge. This application was brought, so it seems, in order to assist applicant in connection with the enhanced sentence meted out to him as a result of his subsequent conviction in United States District Court. Under the attendant circumstances the State urges this court to apply the doctrine of laches. Laches is applicable when there is a coalescence of negligence on the part of a plaintiff when he should act and prejudice to the defendant by reason of the non action of the plaintiff (applicant). This Court finds that due to the extensive experience with the criminal justice system that applicant's failure to act with respect to this matter until it suited his purpose in connection with the federal sentence enhancement constitutes as a matter of law negligence and further finds that the passage of time from November of 1981 until 1998 when this proceeding was brought manifestly prejudices defendant. Section 8-5-4 of the General Laws provides that stenographic records of court reporters are to be retained for 15 years.
Here, the absence of such records, clearly can be related to the fact that the 15 year period provided by statute had expired before this proceeding was commenced. Clearly, the best evidence of what transpired at the hearing before Justice Kiely would be gleaned from the stenographic notes and/or a transcript of that proceeding. Applicant's delay in seeking the relief here sought is one of the factors directly responsible for the lack of such records. Accordingly, this Court finds that applicant is subject to the invocation by the State of the doctrine of laches.
Further, this Court notes that the United States Supreme Court has recognized that final judgments in criminal proceedings, where the conviction is based upon the defendant's guilty plea, is entitled to a "presumption of regularity." See Parke v. Raley, 506 U.S. 20
(1992). Further, the Rhode Island Supreme Court has recognized in the context of sentencing procedure that absence sufficient proof of the contrary, there is a "presumption of regularity" that the judge proceeded in accordance with the provisions of law. State v. Crescenzo, 114 R.I. 242 at 262, 332 A.2d 421 at 432 (1975). See also Powers v. Langlois, 90 R.I. 45 153 A.2d 535 (1959). Recently, the Supreme
Judicial Court of our sister state, Massachusetts stated that:
 "When the defendant leaves his guilty plea unchallenged for a lengthy period of time so that the contemporaneous record of the pleading is lost (by proper destruction of stenographic notes), and the means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability of witnesses, the inherent weaknesses and failures of recollection and other factors commonly associated with the passage of time . . . the absence of a record, and the inability effectively to reconstruct it may be directly attributable to the defendant's delay and may be said to be the defendant's fault . . . in such a case, the defendant's attack on his pleas . . . necessarily precedes on a basis extrinsic to the unavailable contemporaneous record. In assessing such a challenged, a judge is not required to accept defendants self-serving affidavit, alleging constitutional defects in conclusory terms, as sufficient to satisfy the defendant's burden . . . ." Commonwealth v. Lopez, 690 N.E.2d 809, 812 (MA 1998).
Based upon the foregoing, this Court finds, taking into account applicant's substantial familiarity with the criminal justice system, his oft-time repeated exposure to plea and sentencing situations as evidenced by his BCI record, that applicant voluntarily, knowingly and intelligently participated in the plea bargain which resulted in the imposition of an 18 month sentence to run concurrently with the sentence he was already serving.
Accordingly, pursuant to the provisions of § 10-9.1-6(c), this Court is satisfied on the basis of the pleadings in the record before it, including Mr. Girard's affidavit, that there is no genuine issue of material fact and that the state as a matter of law is entitled to judgment.
Having so ruled, the Court deems it appropriate to discuss certain portions of our Supreme Court's opinion in Hall v. Langlois,108 R.I. 454, 461 (1971). Justice Paolino, writing for the court, stated as follows:
 "Because, as is evident by the case at bar, grave issues involving basic constitutional questions may arise many years after pleas are accepted and sentences imposed, we believe that the rules set forth in Bishop should be implemented so that the record of proceedings wherein pleas are accepted and sentences imposed may be preserved without limit. With this in mind, we believe that the interests of justice require that henceforth a transcript of proceedings involving the acceptance of pleas in criminal cases and the imposition of sentences be prepared at the expense of the state and placed in the jacket of each case within a reasonable time after such hearing or hearings. This rule shall become effective thirty days after this decision is filed, (the filing date was April 26, 1971).
Clearly in the case at bar had this rule of the Supreme Court been adhered to, this Court would have been advantaged by the ability to read exactly what transpired during the course of that proceeding. So too, would the parties. In any event, there is nothing in Hall v. Langlois, as this Court reads it, which suggests that the petition for post-conviction remedy be granted solely because the mandate of the court quoted above has not been adhered to.
Counsel for the state may present an appropriate order and judgment.
[1] This discussion assumes without deciding that Joseph A. Capineri, not Stephen Capineri, in fact, was counsel representing him at the time of his plea and sentencing. This assumption, of course, is in the best interest of applicant because if Stephen Capineri was his counsel, then his argument is without any semblance of merit on the present state of the record.