DECISION
Appellant Augusto Reis, Jr. ("Reis") appeals from the decision of a Hearing Officer of the Department of Business Regulation ("DBR") that affirmed a decision of DBR that denied his application for an insurance producer's license on the grounds that he had been convicted of three felony offenses for possession of a stolen motor vehicle, possession of a motor vehicle with altered vehicle identification numbers and conspiracy. Appellant Reis argues that because he pled nob contendere to the subject charges and received deferred sentences, DBR erred as a matter of law in finding that he had been convicted of those crimes and using the convictions to deny his license application under the Single License Procedure Act. For the reasons set forth in this decision, this Court concurs with DBR's decision and thus affirms the denial of appellant Reis' license application.
 Facts and Travel
On or about July 17, 1995, appellant Reis filed an application for an insurance producer's license with the Department of Business Regulation ("DBR"). Several months prior thereto, the State had charged Reis with three felony offenses: possession of a stolen motor vehicle, possession of a motor vehicle with altered identification numbers, and conspiracy. On October 26, 1995, Reis pled nob contendere in Superior Court to the three felony charges. As part of his plea, Reis entered into a deferred sentence agreement with the Attorney General under R.I. Gen. Laws § 12-19-19
(1956). Pursuant to this plea agreement and the applicable statute, the Court did not sentence Reis based on his plea, but instead agreed not to sentence Reis for a period of five years unless, during that time, Reis failed to keep the peace, be of good behavior, or fulfill the other conditions of the deferred sentence agreement.[1]
Shortly thereafter, DBR learned of Reis's plea to the felony charges. It considered that plea in the course of its review of Reis' license application under the Single License Procedure Act, R.I. Gen. Laws §27-2.3-1 et seq. (1993) (repealed, reenacted and amended by R.I. Gen. Laws § 27-2.4-1 et seq. (2001)) (the "Act"). Section 27-2.3-12 (a)(6) (1993) of the Act stated that if an applicant for an insurance producer's license has been "convicted of a felony," the application could be denied. Based on this provision, DBR issued to Reis, on December 22, 1995, a Notice of Intent to Deny License and of Opportunity for a Hearing. On January 2, 1996, Reis requested a hearing. On January 16, 1996, the Director of DBR delegated his statutory authority to conduct this hearing to Hearing Officer Robert S. Powers, Deputy Chief of Legal Services.
On February 7, 1996, the Hearing Officer convened the hearing to consider any evidence and arguments submitted by Reis and DBR as to the propriety of granting or denying Reis' license application. After Reis presented his case, both parties agreed to consider that session as a prehearing conference which enabled DBR to conduct additional research and review certain documents. The Hearing Officer continued the hearing to February 22, 1996.
On February 22, 1996, at the reconvened hearing, Reis argued that his plea agreement with the State was not a "conviction," such that his plea could not be a basis upon which DBR could deny him an insurance producer's license. DBR countered that the plea agreement resulted in Reis' "conviction," as defined by the statute, such that it could deny Reis a license.
The Hearing Officer for DBR issued his decision on April 25, 1996, finding that Reis' pleas of nob contendere followed by deferred sentences were felony convictions within the meaning of the statute that gave DBR the right to deny him an insurance producer's license. Reis timely filed this appeal from that decision on May 22, 1996. On appeal, Reis argues that his pleas of nob contendere to the felony charges, followed by deferred sentences, cannot be characterized as "convictions" under the statute and that the Hearing Officer erred as a matter of law in allowing DBR to consider those pleas in its review of his license application.
 Standard of Review
This Court has jurisdiction of this administrative appeal pursuant to R.I. Gen. Laws § 42-35-15. The standard of review for administrative agency appeals, set forth by statute, is as follows:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decision are:
(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
R.I. Gen. Laws § 42-35-15 (g). When reviewing an administrative agency decision, this Court "may not substitute its judgment for that of the agency with respect to the credibility of witnesses or the weight of the evidence on questions of fact." Kachanis v. Board of Review, Dep't of Employment Training, 638 A.2d 555 (R.I. 1994). This Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. Rhode Island Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (1981)). This Court "may reverse such findings only in instances wherein the conclusions and the findings of fact are "totally devoid of competent evidentiary support in the record.'" Bunch v. Board of Review, Dep't of Employment Training 690 A.2d 335, 337 (R.I. 1997) (quoting Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981)). The Superior Court is required to uphold the agency's findings and conclusions if they are lawful and supported by competent evidence. Rhode Island Public Telecommunications Authority, et al. v. Rhode Island Labor Relations Board, et al. 650 A.2d 479, 485 (R.I. 1994).
 Analysis
The issue before this Court is one of law: whether a plea of nobo contendere, followed by an unexpired deferred sentence, is a "conviction" as used in the version of the Single License Procedure Act, R.I. Gen. Laws § 27-2.3-1 2 (a)(6) (1993), that was in effect at the time of DBR's decision to deny Reis' license application.[2] To address that issue, this Court first must examine the language of the statute in question to determine the meaning of the term "conviction" as it is used therein.
The provisions of the Act at issue outlined the parameters for awarding licenses to insurance agents and brokers in the State of Rhode Island. An insurance producer's license was required before an individual could offer advice or transact business in insurance. R.I. Gen. Laws §27-2.3-3 (1993). Under the Act, DBR was granted the discretion to deny an applicant a license, if it first found that the applicant had committed any statutorily enumerated act. See id. § 27-2.3-12 (a)(1)-(12) (1993). Those enumerated acts generally included felony convictions and certain fraudulent, unfair, deceptive or illegal acts. See id. The power to suspend, revoke, deny, or refuse to renew an insurance producer's license based on the listed conduct allowed DBR to protect the insurance consumer from falling victim to an insurance purveyor who had a dubious history, for without a license, an individual was prohibited from "offering any advice, counsel, opinion, or service" regarding insurance. Id. § 27-2.3-3 (b) (1993). As an applicant's fitness to deal in insurance was at issue before the agency when it reviewed an insurance license application, DBR had to consider any evidence that the applicant had committed any of the statutorily enumerated acts before it granted an insurance producer's license.[3]
In this appeal, the only enumerated act at issue is contained in R.I. Gen. Laws § 27-2.3-12 (a)(6) (1993). Under this former subsection, DBR could deny an insurance producer's license if it found that the applicant had "been convicted of a felony." Id. § 27-2.3-12 (a)(6) (1993). The Act did not define the term "conviction" as used in § 27-2.3-12 (a)(6) (1993). This Court must proceed, therefore, to interpret that term as it was used in the statute.
Under Rhode Island law, when a statute is clear and unambiguous, the Court must interpret the statute literally and give the words of the statute their plain and ordinary meamng. Sindelar v. Leguia, 750 A.2d 967
(R.I. 2000). Where ambiguity renders construction of a statute necessary, the primary object of the Court is to ascertain the legislative intention from a consideration of the legislation in its entirety, keeping in mind its nature, purpose, and all of its provisions. LaPlante v. Honda North America, Inc., 697 A.2d 625 (R.I. 1997). The Legislature is presumed to know the state of existing relevant law when it enacts a statute. Lopes v. Phillips, 680 A.2d 65 (R.I. 1996). Legislative enactments will be construed to alter the common law only to the extent the Legislature has made that purpose clear. Knowles v. Ponton, 96 R.I. 156, 190 A.2d 4 (1963). Although not controlling, great weight is given to an administrative agency's construction of a regulatory statute if the provisions of a statute are unclear or subject to more than one reasonable interpretation. Defenders of Ammals, Inc. v. DEM, 553 A.2d 541 (R.I. 1989). In construing statutes related to the same subject matter, the Court should attempt to harmonize them so there will be consistency among different laws. Billington v. Fairmount Foundry,724 A.2d 1012 (R.I. 1999).
In applying these precepts of statutory construction, this Court first must determine whether the term "conviction," as used in the Act, is clear and unambiguous. According to Black's Law Dictionary, a conviction is "[t]he final judgment on a verdict or finding of guilt, a plea of guilty, or a plea of nob contendere. . . ." Id. at 334 (6th ed. 1990) (emphasis added). The authors of seminal legal treatises agree. "Judgment following entry of a nob contendere plea is a conviction and may be admitted as such in other proceedings where the fact of conviction has legal significance (e.g., to deny or revoke a license because of conviction)." 5 Wayne R. LeFave et al., Criminal Procedure § 21.4 (a), 153 (2nd ed. 1984). In discussing the use of pleas of nobo contendere for impeachment purposes, Professor McCormick consistently and interchangeably uses the phrases "nob convictions" and "convictions based on pleas of nob contendere." 1 McCormick, Evidence, § 42, 149 n. 35 (4th ed. 1992). It is arguable, therefore, that the plain meaning of the term "conviction" encompasses a judgment following the entry of a plea of nobo contendere.
Here, the evidence before DBR established that appellant Reis pled nobo contendere to three felony charges on October 26, 1995 that resulted in a "judgment" that the appellant was "guilty as charged." (See Judgment and Disposition, Appellant's Ex. 1.) The plea further resulted in a disposition of restitution, certain fines and costs and a deferred sentence as to the charge of possession of a motor vehicle with an altered identification number and deferred sentences as to the charges of possession of a stolen motor vehicle and conspiracy. The deferred sentences were part of a deferred sentence agreement that imposed certain probationary conditions on appellant Reis. The deferral periods had not yet expired nor had their probationary terms been successfully completed by Reis at the time DBR considered his license application. As such, it can be said that DBR did not err in determining that appellant Reis had been "convicted" of felonies as that term is used literally in the Act.
Moreover, even if the term "conviction," as used in the Act, is determined to be ambiguous, construction of that term would suggest that it should be read as encompassing appellant Reis' pleas of nobo contendere. Indeed, defining the term "conviction" as including pleas of nobo contendere comports with the common law in Rhode Island. The Rhode Island Supreme Court discussed the scope of the word "convicted" in Barker v. Almy over one hundred years ago, and found that it is used "to include the judgment and sentence of the court on a verdict or confession of guilt." Barker v. Almy 20 R.I. 367, 369 (1898). The Court reasoned that "[a] plea of nob contendere is an implied confession of guilt . . ." and therefore, "[t]he judgment of conviction follows upon such a plea as well as upon a plea of guilty. . . ." Id. "If the plea [of nob contendere] is accepted, it is not necessary or proper that the court should adjudge the party guilty, for that follows as a legal inference from the implied confession; . . ." Id. Historically, therefore, our Supreme Court has included pleas of nobo contendere along with guilty verdicts and guilty pleas in its explanation of what constitutes a "conviction."
The Legislature arguably has sought to narrow this common law definition of "conviction" with respect to pleas of nobo contendere that result in a sentence of probation. In R.I. Gen. Laws § 12-18-3 (a) (1982), the statute provides: "[w]henever any person . . ., pleads nob contendere, and the court places the person on probation . . . then on the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose." By the express terms of that statute, however, its provisions "do not apply to any person who is sentenced to serve a term in the adult correctional institution, or who is given a suspended or deferred sentence in addition to probation." R.I. Gen. Laws § 12-18-3 (b) (1982) (emphasis added).
In interpreting this statute and defining what constitutes a conviction under Rhode Island law, the First Circuit Court of Appeals wrote as follows:
 "[a]lthough the statute does not affirmatively state that a nob contendere plea followed by a sentence of imprisonment or a suspended sentence constitutes a conviction, it states that the statute's provision that a nob contendere plea is not a conviction does not apply when the plea is followed by such a sentence. By implication, we read this to mean that a nob contendere plea followed by a sentence of imprisonment or a suspended sentence constitutes a conviction."
U.S. v. Patrone, 948 F.2d 813, 817 (1st Cir. 1991). The issue in that case was whether a criminal defendant's prior nobo contendere pleas for which he received either imprisonment or suspended sentences could be used as evidence of prior felony convictions necessary to prove a more recent criminal charge of possession of firearms after conviction of a felony. The issue of a plea of nobo contendere followed by a deferred sentence was not squarely before the Court because the defendant had not entered into any past deferred sentence agreements. Although the Court in Patrone thus limited its interpretation of Rhode Island law to the question of whether a plea of nobo contendere followed by imprisonment or a suspended sentence constituted a conviction, the plain language of the applicable Rhode Island statute, R.I. Gen. Laws § 12-18-3 (b) (1982) (which makes its provisions expressly inapplicable to a plea followed by a deferred sentence), as construed by the Court in Patrone, would suggest that a plea of nobo contendere followed by a deferred sentence, like such a plea followed by imprisonment or a suspended sentence, also would constitute a conviction under Rhode Island law.
Even with respect to a plea of nobo contendere followed by probation, the language of § 12-18-3 (a) (1982) implies that the plea would constitute a conviction if the probationary period had not yet expired. According to the express language of that provision, "on the completion of the probationary period, and absent a violation of the terms of the probation," shall the plea and probation "not constitute a conviction for any purpose." R.I. Gen. Laws § 12-18-3 (a) (1982). Indeed, the Rhode Island Supreme Court expressly left this issue open for future decision in the Matter of Edward J. McEnaney, 718 A.2d 920, 921 (R.I. 1998), wherein it held that an attorney who pled nobo contendere to drug possession charges and was sentenced to probation could be disciplined professionally regardless of whether that disposition constituted a conviction. The Court found that "in entering into a nob plea, [the attorney] ha[d] admitted to sufficient facts to be guilty of the crime charged." Id. Similarly, a plea of nobo contendere followed by a deferred sentence, even if analogized to probation, would remain a conviction unless and until all of the probationary conditions of the deferred sentence were satisfied and the deferral period had expired.
It necessarily follows, therefore, that a plea of nobo contendere followed by a deferred sentence constitutes a conviction, as was the case as to all pleas of nobo contendere at common law, under R.I. Gen. Laws § 12-18-3 (1982). Even if that statute could be construed as barring a plea of nobo contendere followed by a deferred sentence from being used as a conviction for any other purpose after the terms of the deferment are satisfied and the deferral period had expired (as is the case under the statute with nobo contendere pleas followed by probation), that prohibition on the use of the plea as a conviction would not bar the pleas in this case from being used for DBR's purposes. At the time of Reis' license application, the conditions of his deferred sentence agreement had not been satisfied and the deferral periods had not expired.
Moreover, the Legislature routimely allows administrative agencies and employers to consider whether a license or job applicant has pled nobo contendere to criminal charges, regardless of the disposition of such charges, in determining the applicant's fitness for a license or employment. The Legislature has shown by its statutory enactments in other areas that it is important public policy to consider pleas of nobo contendere as part of the process of granting or denying licenses or employment, regardless of the nature of any sentence imposed or deferred pursuant to the plea.[4] That legislative intent in these other areas is suggestive of an intent that should be subscribed to the Legislature when it enacted the insurance licensing provisions of § 27-2.3-12 (a)(6) (1993) to broadly define the term "conviction" as inclusive of a plea of nobo contendere followed by a deferred sentence.[5] The Rhode Island Supreme Court has instructed that these pleas are implied confessions of guilt," Barker 20 R.I. at 369, and "as much conviction[s] as . . . a jury's verdict of guilty. . . ." Nardone, 113 R.I. at 418. Such an interpretation would harmonize these statutes and achieve consistency in regulatory agencies' use of applicants' criminal pleas of nobo contendere in licensing and employment decisions.
Furthermore, appellant Reis cannot seek refuge under the teachings of Korsalc v. Prudential Property Casualty Co., 441 A.2d 832 (R.I. 1982). In that case, the Supreme Court discussed the issue of whether a plea of nobo contendere amounted to a conviction. The plaintiff in Korsak entered into a nobo contendere plea and received a suspended sentence to charges relating to fraudulent claims of burglary he made to his insurance company. As a result, his insurance company refused to pay on the burglary claims. Plaintiff then sued his insurance company to recover for his loss. The Supreme Court reversed the trial court's grant of summary judgment for the insurance company, following the "widely accepted rule that a conviction upon a plea of nobo contendere is not admissible in evidence in a subsequent civil suit on the same matter as an admission of guilt. . . ." Korsak, 441 A.2d 832, 834 (R.I. 1982) (emphasis added). Moreover, the Supreme Court held that "a nob plea followed by probation or a deferred sentence may not be considered as a conviction for impeachment purposes." Id. at 835 (emphasis added).
Here, appellant Reis argues that, under Korsak, his pleas of nobo contendere, followed by deferred sentences, cannot be considered convictions. Unlike Korsak, however, DBR did not seek to use Reis' pleas as an admission of guilt in a subsequent civil suit on the same issue nor did DBR seek to use the pleas for the purpose of impeachment. DBR simply sought to consider Reis' pleas and the existence of the deferred sentence agreement on the issue of whether he should be granted a license as an insurance producer. Korsak may restrict the use of such pleas, but it does not alter the fact that the pleas themselves are convictions and thus fair game for DBR's consideration in reviewing a license application under the applicable insurance licensing provisions of the Act.
A policy argument can be made that a plea of nobo contendere followed by a lesser sentence such as probation and/or a deferred sentence should not be considered in the same way as such a plea followed by a harsher penalty such as imprisonment or a suspended sentence. The Act, however, allowed DBR to take such a punishment disparity into account. According to the introductory language of R.I. Gen. Laws § 27-2.3-12 (a) (1993), any application for an insurance license "may be denied if the applicant has been convicted of a felony or has committed any of the other statutorily enumerated acts. The Legislature used the term "may" and not "shall" in describing the scope of authority and discretion DBR had to deny an applicant a license based on evidence of a past felony conviction or other enumerated conduct. The Act thus gave DBR the discretion to examine the nature of the criminal offense underlying the conviction and any sentence imposed or deferred in determining whether such a conviction warranted denial of a license. DBR's decision to interpret its own licensing statute as allowing denial of an insurance producer's license if the applicant had pled nobo contendere to multiple felony charges involving dishonesty, particularly where an unexpired deferred sentence agreement accompanied the pleas, should be afforded deference. Its interpretation of the Act at issue was imminently reasonable given the language of the statute, the provisions of related licensing and employment statutes, and existing case law.
Here, DBR exercised its discretion and denied appellant Reis an insurance producer's license. DBR argues that it was justified in denying Reis a license because a nobo contendere plea is analogous to a guilty plea which, in turn, equals a felony conviction. DBR bases its argument on the Supreme Court's decision in Nardone v. Mullen. wherein the Court found that a plea of nobo contendere "becomes an implied confession of guilt," and "such plea is equivalent to one of guilty." Nardone v. Mullen113 R.I. 415, 418, 322 A.2d 27, 29 (1974). The Court in Nardone indicated that a plea of nobo contendere "was as much a conviction as would have been a jury's verdict of guilty against him. . . ." Id. Under R.I. Gen. Laws § 27-2.3-12 (a)(6) (1993), therefore, DBR had the discretion and authority to deny appellant Reis' insurance application based on his pleas of nobo contendere to three felony charges involving dishonesty for which he was given deferred sentences that had not yet expired at the time it considered his application. DBR's decision to do so, therefore, was not in error.
 Conclusion
After a review of the entire record, this Court finds that the decision of the DBR Hearing Officer to affirm DBR's denial of appellant Reis' application for an insurance producer's license was not in error. Accordingly, this Court affirms that decision. Appellant Reis' claims for costs and attorney's fees are denied.
Counsel shall confer and submit to the Court forthwith for entry an agreed upon form of order and judgment reflective of this decision.
[1] A "deferred sentence is never imposed unless the defendant violates his written agreement with the Attorney General." State v. Robalewski,96 R.I. 296, 300, 191 A.2d 148, 151 (1963). The Legislature set a five year time limit on the deferral of sentence under such an agreement so that one given a deferred sentence would not have the threat of a potential sentence over him for an undue period of time and society would have "a means of protecting itself in the event that [the defendant] fail[ed] in his [or her] rehabilitation." Powers v. Langlois 90 R.I. 45, 48,153 A.2d 535, 537 (1959).
[2] This statutory provision provides as follows:
 Licenses — Denial — Nonrenewal — Suspension or revocation.
 (a) Any license issued under this chapter may be suspended, revoked, or nonrenewed, and any application for a license may be denied, if the department of business regulation finds that the licensee or applicant has:
(1) Made any materially untrue statement in the license application;
 (2) Violated any law relating to the production of insurance, or violated any rule, regulation, subpoena, or order of the department or of an insurance commissioner of any state relating to the production of insurance;
 (3) Obtained or attempted to obtain any license through misrepresentation or fraud;
 (4) Improperly withheld, misappropriated, or converted to the person's own use any moneys belonging to policyholders, insurers, beneficiaries, or others received in the course of producing insurance;
 (5) Intentionally or negligently misrepresented the terms of any actual or proposed insurance contract;
 (6) Been convicted of a felony
 (7) Been determined to have violated the laws of this state relating to unfair trade practice or fraud;
 (8) In the conduct of providing insurance while holding an insurance producer license, used fraudulent, coercive, or dishonest practices, or has been shown to be incompetent, untrustworthy, financially irresponsible, or a hazard to the public;
 (9) Had an insurance producer license nonrenewed, suspended, or revoked in any other state, province, district, or territory;
(10) Forged another's name to an application for insurance;
(11) Cheated on an examination for an insurance license; or
 (12) Knowingly accepted insurance business from an individual who is required to be licensed but is not licensed.
R.I. Gen. Laws § 27-2.3-12 (a)(1)-(12) (1993) (emphasis added). In 2001, the General Assembly repealed and reenacted this provision of the Act with amendments, effective January 1, 2002. See id. § 27-2.4-14
(a)(1)-(14) (2001).
The reenacted and amended statute retains the provision that an application for an insurance producer's license may be denied if DBR finds that the applicant has "been convicted of a felony." Id. § 27-2.4-14
(a)(6) (2001). It also broadens the provision permitting DBR to consider an applicant's past use of "fraudulent, coercive or dishonest practices" or demonstration of "incompetence, untrustworthiness or financial irresponsibility" to allow for that consideration not simply when the past use of those practices occurred in the conduct of providing insurance while holding an insurance producer's license, as the prior statute dictated, but when an applicant has displayed any such conduct generally. Cf id. § 27-2.3-12 (a)(8) (1993) with § 27-2.4-1 4 (a)(8) (2001).
Here the prior version of the Act, R.I. Gen. Laws § 27-2.3-12
(a)(1)-(12) (1993), was in effect at the time DBR considered appellant Reis' application in 1996. The Legislature intended the repeal and reenactment of that statutory provision in R.I. Gen. Laws § 27-2.4-14
(a)(1)-(14) (2001) to apply prospectively, as evidenced by its effective date of January 1, 2002. See Avanzo v. R.I. Dept. of Human Services,625 A.2d 208, 211 (R.I. 1993) (statutes generally "operate prospectively from and after the effective date of the statute" and "[i]t is only in the event that a statute contains clear and explicit language requiring retroactive application that a statute will be interpreted to operate retrospectively"); Knaggs, et al. v. Clark, 686 A.2d 466, 469 (R.I. 1996) (quoting State v. Austin, 462 A.2d 359, 365 n. 5 (RI. 1983)) ("the label of the subtitle... may be considered as "a guide to the intent of the Legislature and [it should be] accorded some weight in interpretation'"). Accordingly, this Court must apply to appellant Reis' appeal the earlier version of the statute, R.I. Gen. Laws § 27-2.3-12
(a)(1)-(12) (1993), that was in effect in 1996 at the time of DBR's decision to deny Reis' license application.
[3] See DBR Decision at p. 2-3. In this case, the Hearing Officer relied on the record of Mr. Reis' nobo contendere pleas to three felony charges involving dishonesty to deny his application.
[4] See e.g., R.I. Gen. Laws § 5-1-13 (b)(8) (in licensing architects, the board of examination and registration may take action or refuse to award a license for "conviction of or pleading guilty or nob contendere to any felony . . ."); R.I. Gen. Laws § 5-65.1-11 (10) (a home inspector's license may not be renewed or may be revoked if the individual has "teen convicted of any crime" and [for the purpose of this subsection a plea of guilty, or nob contendere shall be deemed a conviction"); R.I. Gen. Laws § 23-17.4-30 (b) (in a statute governing employment in assisted living facilities, a "conviction means, in addition to judgments of conviction entered by a court subsequent to a finding of guilty or a plea of guilty, those instances where the defendant has entered a plea of nob contendere and has received a sentence of probation and those instances where a defendant has entered into a deferred sentence agreement with the attorney general"). See also R.I. Gen. Laws § 23-17.7-20(b) (employment in nursing service agencies); R.I. Gen. Laws § 5-8-18(b)(8) (licensing of engineers); R.I. Gen. Laws § 5-8.1-15 (b)(8) (licensing of land surveyors); R.I. Gen. Laws § 5-51-17 (8) (licensing of landscape architects); R.I. Gen. Laws § 5-3.1-1 2 (b)(5) (licensing of public accountants); and R.I. Gen. Laws § 5-48-11 (11) (licensing of speech pathologists and audiologists); § 5-61-3.2 (1) (licensing of telephone salespersons).
[5] This intent is also evidenced by the General Assembly's repeal and reenactment of the Act at issue. See R.I. Gen. Laws § 27-2.4-1 4 (a)(8) (2001) (where DBR may deny an insurance producer's license if the applicant has used "fraudulent, coercive or dishonest practices" or has demonstrated "incompetence, untrustworthiness or financial irresponsibility"). This provision arguably would allow consideration of a plea of nobo contendere and the criminal conduct underlying it regardless of whether sentence was imposed or whether that plea is characterized as a "conviction."